STATE EX REL. RICHARDS, STATE AUDITOR, *v.*
CHARLES E. STANTON, COUNTY CLERK.

COUNTY CLERK—FEES—PAYMENT TO STATE—PENALTY FOR NON-
COMPLIANCE—STATE AUDITOR—DUTIES—MANDAMUS.

1. Under sections 1 and 2 of article 21 of the constitution of Utah, and the enactment of the legislature passed in pursuance of the said constitutional provisions (chapter 16, p. 89, Sess. Laws 1896), making it the duty of the county clerk to pay all fees collected by him in the district court in criminal and civil cases, except probate fees, into the state treasury, said payment should begin as provided by law on the 1st day of April, 1896, and continue quarter-yearly thereafter, and include all fees collected from and after the admission of the state into the Union, January 4, 1896; and there is no ambiguity or uncertainty in these provisions of the constitution or laws of the state, and no valid reason for not enforcing them.

2. Under section 4, c. 58, p. 162, Sess. Laws 1896, the failure of the county clerk to pay into the state treasury the fees collected by him in the district court in criminal and civil cases, except probate fees, after an account has been stated with him, and demand made, entitled the state to charge said clerk 25 per cent damages on the amount delinquent, and interest at the rate of 10 per cent per annum, from the time of the failure to pay.

3. The fact that the county clerk, by order of the board of county commissioners, paid the amount due the state to the county treasurer, does not release the clerk from his liability under the law; nor is it necessary in such a case that the petition for a writ of *mandamus* should make the county treasurer a party defendant to this action, since he is a stranger to the proceedings.

4. It is the duty of the state auditor to examine the accounts of state and county officers, and become satisfied that the accounts rendered are correct, and that the fees provided by law to be collected and paid to the state treasurer by such

officers are collected, reported, and paid. If such fees are not paid as provided by chapter 58, p. 159, Sess. Laws 1896, the auditor should institute proper proceedings for the payment of the same to the state treasurer.

5. *Mandamus* is a proper remedy in such cases.

(No. 747.    Decided Oct. 24, 1896.)

*Mandamus* by the State on relation of Morgan Richards, Jr., state auditor, directed to Charles E. Stanton, clerk of the Third judicial circuit court, for Salt Lake county. Peremptory writ awarded.

*A. C. Bishop*, Attorney General, for plaintiff.

*C. O. Whittemore*, County Attorney, for defendant.

No briefs were filed in this case.

MINER, J.:

The plaintiff, as state auditor, filed his petition for a writ of *mandamus* requiring the defendant, as clerk of the Third judicial district court in and for Salt Lake county, to pay into the state treasury the sum of $4,101.70, collected by him as fees in civil and criminal cases, except in probate cases, in said county, between the 4th day of January and the 4th day of June, 1896, both days inclusive, which sum he had failed to pay into the state treasury, after demand in writing, as required by law, etc. Plaintiff subsequently filed his amended and supplemental petition. This petition alleges, among other things, that from the 4th day of January, 1896, to March 31, 1896 (both days inclusive), the defendant, by virtue of his office, collected and received fees in criminal and civil cases, except probate fees, to the amount of $2,455.95, and that from the 1st day of April to the 4th day of June, 1896 (both days inclusive), defendant likewise so collected

and received fees in criminal and civil cases in said court, except probate fees to the amount of $1,645.57; that the law specifically enjoined upon the defendant, as a duty resulting from his office, to pay the first-named sum into the state treasury on the 1st day of April, 1896, and to pay the last-named sum on the 1st day of July, 1896; that said defendant, at the time when said payments were due, failed to render any account thereof, and make settlement with the state auditor within the time prescribed by law, and has failed and neglected to pay said fees into the state treasury of the state of Utah, or otherwise account and pay over to the state said fees so collected, or any part thereof; that on July 20, 1896, demand in writing was made upon said defendant, by the plaintiff, for a full, true, and itemized statement of all fees, except probate fees, received by him, as clerk of said court, in civil and criminal cases, from January 4, 1896, to June 4, 1896 (both days inclusive), and that he promptly pay over such money into the state treasury; that, in compliance with such demand, said defendant made to plaintiff a written statement, showing the sum of $4,101.70 had been collected by defendant in civil and criminal cases, except probate cases, between January 4 and June 4, 1896 (both days inclusive), said statement being an itemized statement of such account, but that defendant refused, and still refuses, to pay said or any fees into the state treasury, or otherwise account for the same; that on October 7, 1896, affiant stated an account with said defendant, specifying the amount of the fees, the time when the same became due and payable, with the amount of damages and interest due thereon, as provided by law, and that the total sum due the state, including damages and interest, amounts to $5,299.02, and prays a writ of mandate, directing such defendant to pay into the state treasury the sum of $4,101.70, and judgment for the sum

of $1,197.32, damages and interest as set forth in the account stated, which account is annexed to the petition, etc. To the complaint filed, the defendant interposed a demurrer, on the ground that such complaint does not state facts sufficient to constitute a cause of action, and that said complaint was unintelligible, ambiguous, and uncertain, and that it does not set forth a detailed statement of the fees alleged to have been collected in civil and criminal cases, except probate cases, from which the amount of fees collected by the defendant in such cases for any given period of time can be ascertained. Defendant also filed his answer to the original complaint, admitting the facts set forth in the complaint, so far as is important in this decision, and, for further answer, alleged that on July 1, 1896, and prior to said demand, he, as such clerk, by order and instruction of the board of county commissioners of Salt Lake county, turned over to W. P. Lynn, treasurer of Salt Lake county, the full amount of $4,101.70, being all the fees collected by him as such clerk in all civil and criminal cases, except probate cases, and thereby paid said fees into the treasury of Salt Lake county, as required by the board of county commissioners. Defendant further alleged, in paragraph 7 of said answer, that said W. P. Lynn, as county treasurer, should be made a party to this action, and prays that he be made a defendant in this suit. Thereupon the attorney general moved to strike out all of said paragraph 7 in said answer, as being irrelevant and redundant. No answer was filed to amended supplemental petition.

The constitution of the state of Utah was in force from the 4th day of January, 1896, that being the day upon which the president of the United States issued his proclamation declaring the state of Utah admitted into the Union. Const. Utah, art. 24, § 16. Section 1 of article

21 of the constitution of Utah provides that "all state, district, city, county, town and school officers, excepting notaries public, boards of arbitration, court commissioners, justices of the peace, and constables, shall be paid fixed and definite salaries: provided, that city justices may be paid by salary when so determined by the mayor and council of such cities." *　*　* Section 2 of article 21 of the constitution provides that "the legislature shall provide by law the fees which shall be collected by all officers within the state. Notaries public, boards of arbitration, court commissioners, justices of the peace, and constables paid by fees shall accept such fees as their full compensation. But all other state, district, county, city, town, and school officers shall be required by law to keep a full and correct account of all fees collected by them, and pay the same into the proper treasury, and the officer whose duty it is to collect such shall be held responsible for the same." The state legislature, at its first session, February 17, 1896, in compliance with the provisions of the constitution, enacted chapter 16, found in Sess. Laws 1896, p. 89, which provided "that all state, district, county, city, town and school officers in the state, excepting notaries public, boards of arbitration, court commissioners, justices of the peace and constables, shall collect in advance for services performed, such fees as were provided for by the laws of the territory of Utah, for like or similar services at the time the constitution of this state was adopted, and pay such fees into the public treasuries as follows: All fees collected by said state officers and clerks of district courts in criminal and civil cases, except probate fees, shall be paid into the state treasury. *　*　* the said payments shall be made by the said officers respectively into the respective treasuries, beginning on the first day of April, 1896, and quarter yearly thereafter, and shall include all fees collected

from and after the admission of this state to the Union."
The legislature, at its first session in 1896, also fixed,
by law, the salary of county clerks. Sess. Laws 1896, p.
364.

It is clear from these provisions of the constitution,
and the statutes enacted in conformity therewith, that
this proceeding is properly brought to compel the per-
formance of a duty specifically enjoined by statute,
resulting from an office, and which the defendant has
failed to perform as required by law. It is equally clear
from the pleadings that the complaint does state
facts sufficient to constitute a cause of action, and that
the same is not ambiguous, unintelligible, or uncertain.
It does not follow that because the defendant has seen
fit to pay the money in question to W. P. Lynn, county
treasurer, with or without the order of the county court,
that the plaintiff should be compelled to make Lynn
a party defendant to this action. The defendant, as a
public officer, should not be permitted to shift his pecun-
iary or official responsibilities in that way. The law holds
the clerk responsible to the state for the faithful per-
formance of his duty; and we must hold him responsible
under such law. So far, Mr. Lynn is and should be
treated as a stranger to the proceeding. The order of
the county court, if made as claimed, is a mere nullity.
Neither the constitution nor laws of the state confer
upon the county court authority to dispose of such fees
belonging to the state. The payment of the fees by the
county clerk to the county treasurer was a wrongful
assumption of power, and a clear violation of official duty,
and cannot be upheld when set up as a defense in this
case. *Williams* v. *Clayton*, 6 Utah 86; *Kendall* v. *Ray-
bould*, (Utah), 44 Pac. 1034. The plaintiff is not shown to
be a party to, or in any way connected with, the illegal
transfer of the funds in question to the custody of Mr.

Lynn. It follows that the demurrer should be overruled, and that the seventh paragraph of the answer should be stricken out and disregarded.

Under section 1 of article 21 of the constitution, "all state, district, city, county, town, and school officers, excepting notaries public, boards of arbitration, court commissioners, justices of the peace, and constables, shall be paid fixed and definite salaries." This and the following section limit the compensation to be paid county clerks to such sums as the legislature shal provide by law. Under section 2 of article 21 of the constitution, all state, district, county, city, town, and school officers are required, as a part of their official duty, to keep a true and correct account of all fees collected by them, and to pay the same into the proper treasury, and the officers whose duty it is to collect such fees are held responsible for the same. Under the act of the legislature, Sess. Laws 1896, p. 89, it is made the duty of these officers to collect in advance, for services performed, such fees as were provided by law by the territory of Utah for like or similar services at the time the constitution was adopted, and pay such fees into the public treasury, as follows: All fees collected by the said state officers and clerks of district courts in criminal and civil cases, except probate fees, are to be paid into the state treasury, beginning on the 1st day of April, 1896, and quarter yearly thereafter; and said fees should include all fees collected from and after the admission of the state into the Union. There seems to be no ambiguity or uncertainty in thes provisons of the constitution or laws of the state, and we find no valid reason for not enforcing them. The law makes it the duty of the county clerks to keep a true and correct account of the fees collected by them, and to pay the same into the state treasury. Section 5, c. 58, p. 162, Sess. Laws 1896, provides that "whenever

any person has received moneys, or has money or other personal property which belongs to the state by escheat or otherwise, or has been intrusted with the collection, management or disbursement of any moneys, bonds or interest accruing therefrom, belonging or held in trust by the state, and fails to render an account thereof to, and make settlement with, the state auditor within the time prescribed by law, or when no particular time is specified, fails to render such account, and make settlement, or who fails to pay into the state treasury any moneys belonging to the state, upon being required so to do by the state auditor, within twenty days after such requisition, the state auditor must state an account with such person, charging twenty-five per cent. damages, and interest at the rate of ten per cent. per annum, from the time of failure." * * * Before final settlement is made with any of said officers for fees collected for the state, it is the right and imperative duty of the state auditor carefully to examine, either by himself or by expert accountants, the books and papers of each of said county or state officers, and become satisfied that the accounts as stated or rendered are correct, and that the legal fees have been duly collected and reported; and, if no account has been rendered, it is equally the duty of the state auditor to carefully examine, or cause to be examined, by competent experts, all such books and accounts, in compliance with chapter 58, p. 159, Sess. Laws 1896, and take proper steps to enforce these several provisions of the law, and recover the damages therein provided. In this manner the laws can be faithfully executed, and the revenues of the state brought into the proper treasury, in compliance with the constitution and laws of the state.

An account was stated by the plaintiff, as alleged in the petition, as follows:

"C. E. Stanton, Clerk of the Third Judicial District Court in
and for the County of Salt Lake and State of Utah, in
Account with the State of Utah, Dr.

To fees collected in civil and criminal cases in the
Third judicial district court in and for the county
of Salt Lake, except probate fees, from January
4, 1896, to March 31, 1896, both days inclusive... $2,455 95

To 25 per cent. damages for failure to render an
account thereof to, and make settlement with
the state auditor within the time prescribed by
law........................................................  613 98

To interest at the rate of ten per cent. per annum
from the 1st day of April, 1896, to the 7th day
of October, 1896, both days inclusive............  127 57

To fees collected in civil and criminal cases in the
Third judicial district court, in and for the
county of Salt Lake, state of Utah, except pro-
bate fees, from the 1st day of April, 1896, to the
4th day of June, 1896, both days inclusive......  1,645 75

To damages for failure to render an account there-
of to, and make settlement with, the state aud-
itor, within the time prescribed by law, at 25
per cent.................................................  411 43

To interest at the rate of ten per cent. per annum
from July 1, 1896, to October 7, 1896, both days
inclusive..............................................  44 34

$5,299 02"

Section 3730, Comp. Laws Utah 1888, provides that
"the writ of mandate may be issued by any court in the
territory, except a justice's or probate court, to any
inferior tribunal, corporation, board or person, to com-
pel the performance of an act which the law specially
enjoins as a duty resulting from an office, trust or station.
*   *   *" It is clear that the law enjoined upon the
defendant the duty of paying into the state treasury
the fees collected by him at stated times named in the
statute, and that the defendant has failed and neglected
to pay said fees and damages, with interest, into the state
treasury, after demand of payment by the plaintiff, and

after a statement of the account, as required by the statute. The statute of 1896 (page 162) fixes the amount of damages to be recovered by the state in a case of this character at 25 per cent., and interest at the rate of 10 per cent. from the time of the failure to pay, and makes it the duty of the auditor to charge these stated sums as fixed damages, arising from the failure of official duty resulting from an office, in addition to the amount of fees withheld. Under the pleadings, the statement of the account, as set out in the amended supplemental petition, must be taken as the true and correct amount belonging to the state in the hands of the defendant, which he has failed to pay over, including damages and interest. No denial or answer has been filed by the defendant to the amended supplemental complaint.

We therefore find that defendant has collected, and failed to pay over to the state treasurer, after demand, and as provided by law, fees collected by him as clerk of the Third judicial district court, except probate fees, the following sums of money, to which damages of 25 per cent. are added, and interest at the rate of 10 per cent., in accordance with the statute, as follows:

| | |
|---|---:|
| Fees collected from January 4 to March 31, 1896, both days inclusive | $2,455 95 |
| Twenty-five per cent. damages thereon | 613 98 |
| Interest thereon at the rate of ten per cent. from April 1, 1896, both days inclusive | 127 57 |
| For fees collected from the 1st of April, 1896, to the 4th day of June, 1896, both days inclusive | 1,645 75 |
| Twenty-five per cent. damages thereon | 411 43 |
| Interest thereon at ten per cent. from July 1, 1896, to October 7, 1896, both days inclusive | 44 34 |
| —Making a total sum of | $5,299 02 |

It is therefore ordered that said defendant, Charles E. Stanton, forthwith pay to the state treasurer the said

sum of $5,299.02, together with interest thereon, at the rate of 10 per cent., from the 7th day of October, 1896.   It is further ordered that a peremptory writ of mandate issue as prayed, and in accordance with this opinion, and that the plaintiff recover costs.

ZANE, C. J., concurs.

BARTCH, J. (concurring.) The defendant filed no answer to the amended petition.  He admitted that as clerk of the district court of the Third judicial district, in and for Salt Lake county, he collected the principal sum of money, as provided by law, but failed to pay it into the state treasury, and, upon demand made therefor by the proper officer, refused to make payment.  His own admission, therefore, fixes definitely the amount he withheld, and still withholds from the state treasury, contrary to law, and which it was his plain duty to pay over.  This being so, I concur in the conclusion reached.