## ALMA S. KENDALL *v.* ALBERT W RAYBAULD.

TERRITORIAL SUPREME COURT—JURISDICTION—MANDAMUS—PUBLIC
OFFICERS—SALARY—PAYMENT.

1. The territorial supreme court had the right to exercise original jurisdiction in *mandamus*. The supreme court of the state may now exercise such jurisdiction under the constitution.

2. In Salt Lake City, if a person holds the office of inspector of provisions, and is entitled to the emoluments thereof, *mandamus* is a proper remedy to compel the auditor of public accounts o issue an order on the treasurer to pay his salary; and in a case where section 1772, Comp. Laws 1888, applies, the salary of such officer can neither be increased nor diminished by ordinance during the term for which he was elected or appointed.

3. The right to hold an office includes the right to receive the salary incident to it.

4. Where an ordinance of Salt Lake City provides that certain salaries shall be fixed, and paid out of the city treasury, it is not necessary for the city council to make an appropriation for such salaries; and the fact that the auditor paid a *de facto* officer at a time when the relator was entitled to the office, and was urging his claims in the court, does not relieve the municipality from its obligations to the relator.

(No. 642. Decided March 31, 1896. 44 P. R. 1034.)

Original application for *mandamus* by Alma S. Kendall, relator, against Albert W. Raybauld, auditor of public accounts of Salt Lake City, to compel the defendant herein to issue a warrant on the city treasurer for money in payment of a salary to which the relator by judgment of the Third judicial district was entitled. Respondent answered and at the same time filed a general demurrer to the jurisdiction of the court, whereupon the relator gave notice that he would call up the demurrers for dis-

posal, and on account of the insufficiency of the return, move for a judgment on the pleadings. *Writ awarded.*

*N. W. Sonnedecker* and *Frank Pierce,* for relator.

*E. D. Hoge* and *W. G. Van Horne,* for respondent.

Section 3535, C. L. U. 1888, gives a specific remedy at law to the person found entitled to office, by an action for damages. Not only is the remedy given specific, but it is the exclusive remedy. *Expressio unius exclusio alterius.* As the remedy given is an action for damages sustained by reason of the usurpation of office by the defendant, the reasonable construction of the statute is that it contemplates this action in tort to be brought against the tort feasor, *i. e.,* the usurper.

If such was the intention of the legislature, it is but a statutory enactment of the principle set forth in the long line of decisions, holding that payment to an officer *de facto* relieves the municipality of liability to officer *de jure* for salary. 1 Dillon Mun. Corp., § 236, p. 318, note; *Conner* v. *Mayor,* 5 N. Y. 285; *Hadley* v. *Mayor,* 33 Id. 603; *Smith* v. *Mayor,* 37 Id. 518; *Dolan* v. *Mayor,* 68 Id. 279; *McVeany* v. *Mayor,* 80 Id. 185; *Nichols* v. *McLean,* 101 Id. 526-528; *People* v. *Nolan,* 101 Id. 539; *Kessel* v. *Zeiser,* 102 Id. 114-118; *People* v. *Brennan,* 1 Abb. Pr. 184; *People* v. *Brennan,* 45 Barb. 457; *Benvit* v. *Wayne Co.,* 20 Mich. 126; *People* v. *Miller,* 24 Mich. 458; *Hoboken* v. *Gear,* 3 Dutcher 265; *Steubenville* v. *Culp,* 38 Ohio St. 18; *Farwell* v. *Bridgeport,* 45 Conn. 191; *Brunswick* v. *Fahn,* 60 Ga. 109; *Paluie Co.* v. *Anderson,* 20 Kan. 298; *Philadelphia* v. *Given,* 60 Pa. St. 136; High Ex. Leg. Rem., § 341, p. 242; *Memphis* v. *Woodward,* 27 Am. 750, note.

It is true there is upon this question a conflict of authorities, which, as the court justly remarks, in *Andrews* v. *Portland,* is irreconcilable. But the weight

of authority is clearly against holding the municipality liable after having paid the officer *de facto.*

But whether the action for damages be against the usurper or against the municipality, it is, under our statute, a usual, ordinary, and adequate remedy at law, which will preclude the resort to *mandamus.*

*Mandamus* would be also precluded in such case under the common law. High Ex. Leg. Rem., §§ 339, 340, 341 and 342, p. 240; *Mansfield* v. *Fuller,* 50 Mo. 338; *Ward* v. *Co. Court,* 50 Mo. 401; *Commonwealth* v. *Commissioners Allegheny Co.,* 16 S. & R. 317; *Lexington* v. *Milliken,* 7 Gray 280; *People* v. *Clark Co.,* 50 Ill. 213; *Johnson Co.* v. *Hicks,* 2 Ind. 527; *People* v. *Chenango* Co., 11 N. Y. 563; *People* v. *Mayor,* 25 Wend. 680; *Ex parte Lynch,* 2 Hill 45; *People* v. *Thompson,* 25 Barb. 73; *People* v. *Wood,* 35 Barb. 653; *People* v. *Booth,* 49 Barb. 31; *Crandall* v. *Amador Co.,* 20 Cal. 72; *State* v. *Co. Judge,* 5 Iowa 380; *Bennett* v. *Auditor,* 12 Ohio 54; *State* v. *Supervisors Sheboygan,* 29 Wis. 79; *State* v. *Kansas City,* 17 P. Rep. 185.

BARTCH, J.:

This is an application made originally in this court for a writ of mandate against the respondent, who is the auditor of public accounts of Salt Lake City, to command him to issue his order in favor of the relator, on the treasurer of said city, for $1,000, which he claims is the amount of salary due him as inspector of provisions of said city for the period of 10 months from the 18th of January to the 18th of November, 1894. It is alleged in the petition, substantially, that the relator was appointed to, confirmed, and qualified for the office of inspector of provisions of Salt Lake City on the 18th day of November, 1892, for a term of two years; that he was entitled to hold the same, and receive the emoluments thereof, for the 10 months from the 18th of January to

the 18th of November, 1894; that his salary for said term was fixed by ordinance of said city at $100 per month; that the salary due him for said 10 months is $1,000; that in the case of *People* v. *McAllister*, 10 Utah 357, 37 Pac. 578, the supreme court had decided that he was entitled to hold the office and receive the emoluments, until lawfully removed, or until the expiration of said term; that the Third judicial court, pursuant to the direction of this court in said case of *People* v. *McAllister*, rendered judgment that this relator was entitled to hold his said office, and receive the emoluments thereof, as provided by law during the said 10 months; that the respondent herein is the auditor of public accounts of said city, and that said auditor neglected and refused to issue his order in favor of the relator for said 10 months' salary, on the treasurer of said city, after demand made therefor. The respondent denies, in substance, that the relator was entitled to hold the office for the 10 months, or any greater time than from January 18 to April 3, 1894, or to receive the emoluments thereof; that the salary was provided in the ordinance of 1892, but alleges that it was fixed for the office, by the one passed on January 19, 1894, at $1,080 per annum; that $1,000 is due the relator, or any greater sum than $90 per month from January 18 to April 3, 1894; that the relator has not a plain, speedy, or adequate remedy at law; that the decision in the case of *People* v. *McAllister* entitled him to hold the office until November 18, 1894; that the relator ever made demand according to law, or that the respondent ever refused to issue to him an order for any amount according to law, and avers that he is ready and willing to issue an order for such amount as the city may allow or appropriate. It is then affirmatively alleged in the answer that one McAllister has held and performed the duties of said office, and received from said city the emoluments thereof each month from

the 19th of January, 1894, down to the present time; that the city council, though requested by the relator to allow his claim for $1,000, refused to allow or pay the same, or any part thereof, having paid the emoluments of the office to the said McAllister; and that the respondent, as auditor, can lawfully draw orders on the treasurer only to pay claims allowed or appropriations made by the city council, and, it not having allowed the relator's claim, he could not draw the order. At the time of filing the answer the respondent also demurred to the complaint on the ground that the court had no jurisdiction of the subject of the action. Thereafter the relator moved for judgment on the pleadings. The arguments and briefs of counsel are based on the merits of the case, and include both the demurrer and the motion, and therefore we will consider both together as presented.

Counsel for the respondent insist that the supreme court, under the territorial government, had no jurisdiction to entertain this proceeding. This is no longer an open question in this court. It was considered and decided in the case of *People* v. *Spiers*, 4 Utah 385, 10 Pac. 609, and 11 Pac. 509, and we see no good reason to depart from the doctrine of that case on this point at this time, and the same is reaffirmed. Original jurisdiction in *mandamus* was also assumed by this court in the case of *Bartch* v. *Cutler*, 6 Utah 409, 24 Pac. 526. But even if we were at present disposed to hold otherwise, it could avail the respondent nothing in the end, because original jurisdiction in *mandamus* has been conferred upon the present supreme court by the constitution of the state, and therefore the same application could now be made, subject to no valid and binding objection.

It is also insisted that *mandamus* is not the proper remedy in this case. This identical question was decided by this court in the case of *Williams* v. *Clayton*, 6 Utah 86,

21 Pac. 398. In that case, which originated in the district court, the relator, Williams, who was territorial superintendent of district schools, sought by *mandamus* to compel the defendant, who was the auditor, after refusal to do so after demand made, to issue his warrant upon the treasurer for the payment of salary which the relator claimed to be due him. The district court ordered judgment in favor of the relator, and, upon appeal, in affirming the judgment, speaking through Mr. Justice Boreman, this court said: "The warrant could only be issued by the auditor, and *mandamus* was the only means left to the plaintiff to secure this action, and it is consequently proper." So in the case at bar, *mandamus* is the only plain, speedy, and adequate remedy, and therefore proper, to compel the respondent, who is the auditor, to issue an order on the treasurer to pay a salary, after demand and refusal to do so, if it be shown that such salary is justly due the claimant; and that it was so due him was determined by the decision of this court, of which the respondent was bound to take notice.

It is further insisted that the salary for the office in question was fixed by the ordinance of 1894, and not that of 1892, and that the claim of the relator was greater than the salary fixed by ordinance. To determine the points here made reference must be had to the law governing the question of salaries. Section 1772, Comp. Laws 1888, after stating what compensation the mayor and councilmen shall receive, provides that "all other officers may receive a salary, fee, or other compensation; and that after the same has once been fixed, such fee or other compensation shall not be increased or diminished to take effect during the terms for which any such officer was elected or appointed. There is no question that the inspector of provisions is a city officer, and therefore, under the provisions of this statute, his salary must be

fixed by ordinance, and when once so fixed it can neither be increased nor diminished to take effect during his term of office. The statute is mandatory, and its provisions must be strictly enforced. In compliance with this statute it appears that the salary of the inspector of provisions was fixed by ordinance on May 6, 1892, at $100 per month (Rev. Ord. Salt Lake City, c. 38, p. 362), and the relator was appointed to the office on the 18th of November, 1892, for the term of two years, which must be assumed to be admitted by the pleadings, because not denied in the answer. The term of office, however, is fixed by statute at two years, unless sooner removed by the city council. Comp. Laws 1888, § 1764. This being true, then, according to section 1772, above quoted, the ordinance passed by the council in 1894, fixing the salary of the inspector of provisions at $90 per month, cannot avail the respondent, in the absence of a removal from office. The relator, having been appointed to the office on the 18th of November, 1892, it is evident that under the pleadings, and by virtue of section 1764, above referred to, he was entitled to hold the office for two years, or until the 18th day of November, 1894, and not the 3d day of April, 1894, as claimed by the respondent's counsel. So it was substantially held in the case of *People* v. *McAllister*, 10 Utah 357, 37 Pac. 578, which was a proceeding by information in the nature of *quo warranto*, brought by the relator herein, to test his title to this same office for the same term. The mayor and council had attempted to remove him from the office, and, after elaborate arguments of counsel on both sides, and of the mayor, and upon careful consideration, this court held that he had not been lawfully removed, and therefore was entitled to discharge the duties of the office, and "receive the emoluments thereof, until lawfully removed, or until the expiration of the term, as provided

by statute." Thereupon, in pursuance of the mandate of this court, judgment was entered in the district court that the relator was entitled to hold the office, and receive the emoluments thereof, until the 18th of November, 1894, and for costs. Under this ruling and entry the sum claimed is not excessive, because the ordinance of 1892 controls.

The judgment in *quo warranto* is binding upon all the parties, and this respondent cannot be now heard to dispute it. The claim of counsel that the city did not have its day in court is hardly worthy of serious consideration. The history of these protracted proceedings shows that at every stage the city's attorney was present, and in the *quo warranto* proceedings both its attorney and the mayor appeared in this court, argued the case on its merits, and filed briefs in behalf of the city. The question of salary was fairly raised by the pleadings in that case. The issue was on general demurrer. Both sides argued the case on its merits, without raising any objection to the form of the pleadings, and the court therefore considered the questions presented in the briefs of counsel, and decided the case on its merits, and disposed of all the questions raised respecting the rights of the parties to the office, which, under our practice, was admissible. *Hornbuckle* v. *Toombs*, 18 Wall. 648; *Hershfield* v. *Griffith*, Id. 657; *State* v. *Elliott*, 13 Utah 200, 44 Pac. 248. In so deciding the court did not exclude the question of salary, because the right to hold the office included the right to receive the salary, which is an incident to the office itself. The term "office" is defined as "a right to exercise a public or private employment, and to take the fees and emoluments thereunto belonging." 2 Bl. Comm. 36. It embraces the ideas of tenure, duration, emoluments, and duties, and these ideas or elements cannot be separated, and each considered abstractly. All, taken together, con-

stitute the office in a case like this. *U. S.* v. *Hartwell*, 6
Wall. 385; *Hall* v *Wisconsin*, 103 U S. 5; And. Law Dict.
727; *Blair* v *Marye*, 80 Va. 485; *People* v. *Stratton*, 28 Cal.
382; *People* v. *Tieman*, 30 Barb. 193.

It is also maintained that the city council failed and
refused to allow or appropriate the relator's claim, and
that, therefore, the respondent had no power to issue an
order on the treasurer therefor. Among the ordinances
referred to and made a part of the pleadings in this case
appears the following provision, found in section 2 of
chapter 38, hereinbefore mentioned: "Such salaries as
are fixed by the year, month, or day, shall be paid in equal
monthly installments, out of the city treasury, at the end
of each month." It having been determined by the judg-
ment of the court that the relator was entitled to hold
the office during the term, or until lawfully removed, of
which determination the city and the respondent were
cognizant, or must be presumed to have been, and the
relator never having been removed, and his salary having
been fixed by ordinance, and made payable in equal
monthly installments out of the city treasury, no further
allowance or appropriation would seem to be necessary,
so far as shown by the record in this case, and the law
does not require of a person that he shall do an unneces-
sary thing in order to obtain his legal rights. No allowance
or appropriation that the city council could rightfully
make would in any way affect the amount due the relator,
because it already had been determined in a lawful way.
He therefore had a right to demand the order of the
auditor on the treasurer to pay his claim, and it was the
duty of the respondent to issue it. Nor could he lawfully
refuse to perform such duty because, as is insisted by
counsel, the salary had previously been paid to McAllis-
ter, who was claiming to hold the office. There was no
authority for any other person than the relator to hold

the office, this court having adjudged the appointment of McAllister void. Therefore payment to him is no defense as against the relator. A disbursing officer has no right to assume that any one but the legal officer has the right to receive the salary of the office. If he pays it to any one else, he does so at his peril. This court so held in *Williams* v. *Clayton, supra.* We do not think the payment to McAllister as a *de facto* officer relieves the municipality from liability. This is not a case where the relator slept on his rights, and allowed the payment to be made to a *de facto* officer through his own laches. As soon as his right to the office was questioned, he instituted proper proceedings to have such right judicially determined. In the face of these proceedings, and of the judgment therein in favor of the relator, of which proceedings and judgment the municipality was bound to take notice, it paid the emoluments of the office to one whom it now styles as a *de facto* officer, and under this guise expects to be relieved from responsibility. To so hold under the facts of this case would not only be a denial of justice to the relator, but would also be an assumption by this court that its own judgment, deliberately made, was a nullity. The cases cited by respondent's counsel respecting payment to *de facto* officers are not applicable to the facts of this case. While it is a misfortune to the public for a municipality to assume such a risk as is indicated by the record herein, still that is a matter which this court cannot consider. Nor can such misfortune avail as a defense for an officer who fails to perform his duty in consequence thereof.

In the return of the respondent there is a failure to properly deny the material allegations of the complaint. The answer was evasive, and the affirmative matter set up constitutes no defense. We think, under the facts and

circumstances disclosed, the relator is entitled to judgment as prayed for, and that the writ of mandate should issue. It is so ordered.

ZANE, C. J., and MINER, J., concur.