# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

·OF THE

# STATE OF UTAH.

JAMES G: McALLISTER, APPELLANT, *v.* GEORGE
SWAN, AUDITOR SALT LAKE CITY, RESPONDENT.

MUNICIPAL OFFICERS— APPOINTMENT AND REMOVAL—COMPENSA-
TION—ABOLITION OF OFFICES.

1. *Municipal Office—Appointment to.*
   An appointment made to an office by a city ·council at a time
   when the office has been declared not vacant by the supreme
   court, and made without first removing the incumbent de-
   clared to be legally entitled thereto, is void.

2. *Same—De facto Officer—Removal.*
   A *de facto* incumbent of a public office is subject to removal at
   any time, and cannot complain of an act by which such office
   is abolished.

3. *Same—Statutory Construction—Public Office—Power to Create
   and Abolish.*
   Under section 312, 1 Comp. Laws Utah 1888, the municipality of
   Salt Lake City had the right to create the office of inspector of

provisions; and where a municipality has the power to create an office, it has, in the absence of legislative restraint, the right to abolish it.

4. *Same—Compensation.*

Where the person who was the incumbent of a public office assumes to continue to act and render services after the office has been abolished, he has no legal claim against the municipality for services so performed.

(No. 833.   Decided Oct. 30, 1897.)

Appeal from the Third district court, Salt Lake county. A. N. Cherry, *Judge.*

Application by James G. McAllister for a writ of mandate directed to George Swan, auditor of public accounts for Salt Lake City. The writ was denied and plaintiff appealed. *Affirmed.*

*Harmel Pratt,* for appellant.

*Wm. McKay* and *D. B. Hempstead,* for respondent.

BARTCH, J.:

This was an application for a writ of mandate against the respondent, who is the auditor of public accounts of Salt Lake City, to compel him to issue his order in favor of the relator on the city treasurer for $1,080, which he claims is due him, as inspector of provisions of the city, as salary from February 5, 1896, to February 5, 1897. The court below denied the writ, and the relator appealed.

The respondent contests the right of the relator to a warrant for salary on the grounds that he was not lawfully appointed, and that the office was abolished, and not in existence, during the time for which payment is sought. The relator was appointed to the office in January, 1894, but this court held that appointment void in the case of *People* v. *McAllister*, 10 Utah 357, on the

ground that no vacancy existed when it was made. Alma
S. Kendall was held to be the lawful incumbent of the
office, and entitled to discharge its duties and receive the
emoluments thereof until lawfully removed, or until the
expiration of his term; and in *Kendall* v. *Raybould*, 13
Utah, 226, we held that, not having been lawfully
removed therefrom, said Kendall was entitled to hold
the office, and receive the emoluments thereof, until
the 18th of November, 1894, and granted him a writ of
mandate to compel payment of the salary to him accord-
ingly. It now appears that without any removal of Ken-
dall, and right in the face of the decision of *People* v. *Mc-
Allister*, *supra*, the mayor and city council, on the 16th
of October, 1894, again appointed the relator herein to
the office. This appointment was void for the same rea-
son as the one made in January previous. It may be
observed that the sooner the mayor and city council will
learn that such trifling with the law will not be tolerated,
the better it will be for the interests of the tax-paying
public. It is apparent that after the expiration of the
term of Kendall, the relator herein, if he was in the pos-
session of the office, he was at most only a *de facto* officer,
who was clearly subject to removal at any time, and was
not in a position to complain of the act of the city coun-
cil in abolishing the office. Section 312, 1 Comp. Laws
Utah 1888, after mentioning certain officers to be ap-
pointed, provides that there shall be appointed " such
other officers and agents as the city council may from
time to time direct and appoint." Under this general
clause of the statute, the municipality had the right to
create the office of inspector of provisions. The office
was, therefore, a creature of the municipal government;
and the same power which created it had the right to
abolish it, in the absence of legislative restraint, the office

not being created for the benefit of the incumbent, but for that of the public. Such an office, so created, is not an incorporeal hereditament, has not the qualities or character of a grant, and the incumbent cannot be regarded as having such an absolute property in it as will prevent the power which created it from vacating it before the expiration of the term of appointment. Mechem, Pub. Off. §§ 464, 466; 1 Dill. Mun. Corp. § 231. As it was abolished by ordinance on February 5, 1896, the relator had no right longer to exercise any authority or perform any acts or service by virtue of the office, and, if he did, he has no legal claim against the municipality for compensation for services so performed. Therefore the auditor properly refused to issue a warrant on the treasurer for the sum in question herein, and the court committed no error in denying the writ of mandate. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.