THOMAS J. EVERILL, RESPONDENT *v.* GEORGE SWAN, CITY AUDITOR OF SALT LAKE CITY, APPELLANT.

PUBLIC OFFICER — POLICEMAN — UNLAWFUL REMOVAL — ENTITLED TO SALARY—NO DEDUCTIONS FOR EARNINGS IN OTHER EMPLOYMENT—FORMER JUDGMENT—SAME MATTERS AND SAME PARTIES —HOW FAR CONCLUSIVE — UNNECESSARY ALLEGATION — DENIAL UNIMPORTANT — AFFIRMATIVE DEFENSES — WHICH MIGHT HAVE BEEN PLEAD IN FORMER CASE—MOTION TO STRIKE OUT — PROPERLY ALLOWED.

*Public Officer—Policeman—Unlawful Removal—Entitled to Salary —No Deduction for Earnings in other Employment.*

Where a public officer or policeman entitled to a fixed salary is unlawfully removed and prevented through no fault of his own from performing the duties of his office, he is entitled to recover the salary, and the amount earned by him in other employment during his unlawful removal should not be deducted from his unpaid salary, even if the whole salary had been paid to another who filled the supposed vacancy.[1]

*Former Judgment — Same Matters and Same Parties — How Far Conclusive—Unnecessary Allegation—Denial Unimportant.*

A former action by plaintiff, practically identical with this, except that it was for salary for a term prior to the commencement of that action, and this action is for salary between the commencement of that action and the judgment of this court therein, having been commenced two months after plaintiff's discharge and after plaintiff had entered other employment, the defenses of abandonment and other employment could have been set up therein; and this court having held in the former case that plaintiff and his assignors were entitled to and did hold said offices, it cannot now be held that they were abandoned; under the circumstances an allegation that plaintiff was ready and willing to perform the duties of office was unnecessary and a denial became unimportant.

*Affirmative Defenses—Which might have been plead in Former Case —Motion to Strike Out—Properly Allowed.*

Matters in defense which could have been set up in a former action, not having been there plead, the judgment therein is conclusive as an adjudication between the parties not only as to matters actually determined, but also as to every other matter which might have been litigated, omitted through negligence or inadvertence; and where affirmative matters which might have been plead in a former case, are set out in an answer, they are properly stricken out.[2]

(Decided June 16, 1899.)

[1] See *Kendal* v. *Raybould*, 13 Utah, 226; *Pratt* v. *Swan*, 16 Utah, 483; *Williams* v. *Clayton*, 6 Utah, 86.

[2] *Peay* v. *Salt Lake City*, 11 Utah, 331.

Appeal from the Third District Court, Salt Lake County, Hon. A. N. Cherry, *Judge.*

Application for a writ of mandamus against the city auditor to compel him to draw his warrant for the salary due petitioner and his assignors as policemen of Salt Lake City, from August 1, 1898, up to and including November 25, 1898. From a judgment in favor of plaintiff defendant appeals. *Affirmed.*

*W. C. Hall, Esq.,* and *Messrs. Richards & Varian,* for appellants.

*Messrs. Marshall, Royle & Hempstead* and *John M. Zane, Esq.,* for respondent.

### STATEMENT OF FACTS.

This is an application for a writ of mandamus against the City Auditor of Salt Lake City, to compel him to draw his warrant on the city treasurer of said city for the salary due to the petitioner and his assignors, as policemen of said city, from August 1st, 1898, up to and including November 25, 1898.

All the matters tending to show a right in the parties to the salary sought to be recovered, were alleged. It was also alleged that the plaintiff was wrongfully discharged and prevented from performing the duties of his office by the city of Salt Lake. The petitioner also alleged the validity of the ordinance providing for the payment of salaries to the policemen; demand for the salaries of the respective policemen; the appointment of others by the city government to act as policemen in the place of those dismissed, and alleged that no legal removal was ever made.

The petition further alleges that on the 3d day of

August, 1898, Everill filed a petition for a writ of mandate against the defendant herein, to compel him to draw his warrant on the city treasurer for the sum of $1429.96, claimed to be due him and his assignors for salaries as policemen of Salt Lake City, from the 25th day of May, 1898, up to the first day of August, 1898.   The petition in that former action was set out in full in the petition in this action, and it is then alleged that on the 6th day of August, 1898, defendant filed answer thereto, and thereafter a trial was had in the district court, and a judgment rendered in favor of the defendant, and the said case, was, by the said petitioner appealed to the Supreme Court of the State of Utah, and in said Supreme Court a judgment was thereafter, on the 11th day of November, 1898, rendered in favor of said petitioner and against said defendant in accordance with the prayer of said petition.    Whereby all the matters in this present action have been determined in this court in favor of this petitioner and against this defendant, the appellant herein.

The answer of the defendant herein, admitted all the foregoing allegations of the petition, except that it denied the legal conclusion that in the former action, all the matters in the present action were determined in favor of the petitioner.   The answer further contained a denial based upon information and belief that during the period in question, the petitioner and his assignors were ready and willing to perform the duties of their office; and affirmatively alleged, in substance, and to the effect, that the payment by a municipality of the salary of an office to a *de facto* officer, relieves it from liability to the *de jure* officer, who was prevented by the municipality from performing the duties of his office; that other persons had been appointed to fill such offices and paid by the city; that the petitioner acquiesced in their removal; abandoned

said offices, and entered upon other employment; that neither of said petitioners were ready and willing to perform their duties as policemen during the time claimed; that no money had been appropriated by the mayor and city council to pay the salaries herein sued for, and that the auditor, therefore, could not legally draw his warrant for the amount claimed by the petitioner; that the amount that these officers, who had been unlawfully deprived of their offices, had earned at any other employment, during the time they were kept out of office, must be deducted from the salary due them. The petitioner moved to strike out all the affirmative allegations contained in the answer, specifying them, on the ground that they were immaterial and irrelevant, and moved for judgment upon the pleadings, both of which motions were granted by the trial court, and judgment rendered in favor of the petitioner. From this judgment this appeal is taken. The appellant assigns as error the granting of the motion to strike out the affirmative allegations in the answer and in granting judgment on the pleadings.

After stating the facts, MINER, J., delivered the opinion of the court.

It appears from the pleadings in this case that this court has heretofore passed upon the right of the plaintiff to recover for services rendered for which this proceeding is brought.

The case of *Everill* v. *Swan*, 17 Utah 514 55 P. 68, was an application for a writ of mandamus by the petitioner against the respondent to compel him to draw a warrant in favor of the petitioner for a certain sum claimed to be due him and several others who had assigned to him their salaries as policemen. The parties were the same in that case as here. In that case the right of the petitioner,

and those who assigned to him the salary claimed, and their title to the office was adjudicated. Among other things in that case this court held, as follows: "We conclude that the petitioner and his assignors, under the existing laws, are entitled to hold their offices until lawfully removed for cause, and that the mayor and city council having attempted to remove them from office without cause, their action was unlawful and void. The officers not having been lawfully removed, it was the duty of the respondent to draw his warrant for their salaries upon proper demand therefor, and the court erred in not issuing the writ of mandate to compel him to do so. The case must therefore be reversed, with costs, and remanded with directions to the court below to issue the writ."

The right and title to an office may, in some cases, be determined in an action by the claimant for his salary.

The case of *Williams* v. *Clayton*, 6 Utah, 86, was where mandamus proceedings were brought to recover the salary of an officer where there was no *de facto* officer in possession, and the court held as follows: "It being clear that the title to the office of superintendent could not be tried by a proceeding in the nature of *quo warranto* after the office had been vacated by the alleged *de facto* officer, Nuttall, and after the office itself had been abolished, there could be no legal objection to passing upon such title in some other action in which it might arise. It arises incidentally in this case. It is not the direct object of the action, but it is first brought into the case by the answer of the defendant, which denies the right of plaintiff's claim to have been the officer. The proceeding is to compel the issuance of the warrant prayed for, and, to secure this, resort is had to mandamus. That is a proper proceeding, if there be no other plain, speedy, and adequate remedy."

In *Pratt* v. *Swan*, 16 Utah, 483, the court said: the action involves the office of chief of police, and those of the entire police force.

The right to hold an office includes the right to receive the salary incident and belonging thereto, and when an ordinance fixes a salary to be paid out of the city treasury, it is not necessary for the city council to make an appropriation for such salary. So, the fact that the city auditor paid a *de facto* officer. a salary at a time when the *de jure* officer was entitled to the office, and was urging his claim in court, does not relieve the municipality from its obligation to the *de jure* officer, and mandamus is the proper remedy to compel the auditor to issue the order on the treasurer to pay a just salary, after demand and refusal. This has been the holding in this court. *Kendal* v. *Raybould*, 13 Utah, 226; *Williams* v. *Clayton*, 6 Utah, 86; *Pratt* v. *Swan*, 16 Utah, 483; *Ward* v. *Marshall*, 96 Cal. 155.

Where a public officer or policeman entitled to a fixed salary is unlawfully removed and prevented through no fault of his own from performing the duties of his office, he is entitled to recover the salary, and the amount earned by him in other employment during his unlawful removal should not be deducted from his unpaid salary, even if the whole salary has been paid to another who filled the supposed vacancy. *Fitzsimmons* v. *Brooklyn*, 102 N. Y. 530; *Andrews* v. *Portland*, 79 Me. 484; Mechem on Public Officers, Sec. 865, 872; Throop on Public Officers, Sec. 443; *People* v. *Miller*, 24 Mich. 458; *U. S.* v. *Addison*, 6 Wall. 291; *Kendal* v. *Raybould*, 13 Utah, 226.

The answer alleges that the plaintiff and his assignors, abandoned said offices, and that immediately after their removal from said offices, to-wit: On May 25, 1898, they engaged in other employment.

The former action between the parties was filed August 3, 1898, about two months after plaintiff's discharge, and those and other defenses named could readily have been set up in that action. The plaintiff and his assignors not only brought suit, but recovered judgment, and were at once restored to their offices, which they then continued to hold. They could hardly be held to have abandoned in this case that which the court held in the former case they were legally entitled to hold and did hold.

The allegation, that plaintiff was ready and willing to perform the duties of the office, in the petition, was unnecessary, and a denial became unimportant.

These officers were kept out of their offices by the city authorities during the period in question, and this court found that they were prevented from performing their duties and that they were ready and willing to perform the same. 12 Enc. Pl. & Pr. p. 1024; Mecham on Public Officers, Sec. 435.

These additional matters relied upon in the answer and which were stricken therefrom, could have been set up in the former action, and not having been plead in that case, the judgment became conclusive as an adjudication between the parties, not only as to matters actually determined, but also as to every other matter which might have been litigated by the parties as a part of the subject in controversy, but which was omitted from the case through negligence or inadvertance.

In *Peay* v. *Salt Lake City*, 11 Utah, 331, this court held: "The defendant can only be called upon to answer the material allegations of the complaint, and upon such allegations the issue is formed, and, when judgment is rendered therein by a court of exclusive jurisdiction, it is conclusive between the parties, upon the same matters, unless set aside by a court of last resort. And such a

judgment is final, not only as to the matter actually determined, but also as to every other matter which might have been litigated by the parties as part of the subject in controversy, but which was omitted from the case through negligence, or inadvertance, or even accident.

In 1st Herman on Estoppel & Res Judicata, Sec. 457, it is said: "Where the parties and the cause of action are the same, the *prima facie* presumption is that the questions presented for decision were the same, unless it appears that the merits of the controversy were not involved in the issue. The rule in such case being, that where every objection urged in the second suit was open to the party, within the legitimate scope of the pleadings, in the first suit and might have been presented in the trial, the matter must be considered as having passed in *rem judicatum*, and the former judgment in such a case is conclusive between the parties." 1 Van Fleet's Former Adjudication, 95; 13 Enc. of Pl. & Pr. 504; *Wilson* v. *Dean*, 121 U. S. 525; 21 Enc. of Law, (1st ed.) 216, 217; *State* v. *Brown*, 64 Md. 199; *Hall* v. *Freeman*, 82 Ky. 505; *Beliot* v. *Morgan*, 7 Wall. 119.

After an examination of the facts in this case we conclude that no error was committed by the trial court in striking out the affirmative allegations in the answer and in rendering judgment in favor of the plaintiff. The judgment of the district court is affirmed, with costs.

BARTCH, C. J., and BASKIN, J., concur.