Appeal from Seventh District.

## CARBON COUNTY v. HAMILTON et al.

No. 2937.   Decided October 16, 1916.   (160 Pac. 765.)

1. COUNTIES—POWERS OF COMMISSIONERS—REMOVAL OF OFFICERS. Under Comp. Laws 1907, section 511, subd. 3, authorizing county commissioners to direct prosecutions for officers' delinquencies, and section 4580 as to accusations against officers by the grand jury, or by taxpayers, the county commissioners, having power to prosecute for delinquencies, also have power to direct prosecutions by individuals.   (Page 507.)

2. COUNTIES—POWERS OF COMMISSIONERS—EXPENDITURES—RECOVERY. Even if county commissioners proceeded irregularly by directing an individual to prosecute the sheriff and county attorney for alleged delinquencies, the irregularity, if any, should have been raised in that proceeding, and not in suit by the county to recover moneys alleged to have been expended illegally therein.   (Page 508.)

3. COUNTIES—POWERS OF COMMISSIONERS—REMOVAL OF OFFICERS. In such case, the irregularity, if any, would not, standing alone, make the order of prosecution void and without legal effect. (Page 508.)

4. COUNTIES—POWERS OF COMMISSIONERS—EXPENDITURES — RECOVERY.  Since Comp. Laws 1907, section 511, subd. 3, authorizes county commissioners to direct prosecutions of officers for delinquencies, the mere fact that the county is not nominally or pecuniarily interested in ouster suit by an individual, directed by the commissioners, does not make the act of the commissioners void or warrant recovery from them of sums expended in such suit.   (Page 508.)

5. COUNTIES—POWERS OF COMMISSIONERS.  County commissioners can exercise only such powers as are conferred upon them expressly or by necessary implication of statute.   (Page 509.)

Appeal from District Court, Seventh District; Hon. *A. H. Christensen,* Judge.

Action by Carbon County against William T. Hamilton and others.

Judgment for plaintiff.   Defendants appeal.

REVERSED and remanded with directions.

*C. S. Price* and *Allen T. Sanford* for appellants.

*Thomas Fouts* for respondent.

FRICK, J.

Carbon County, in its corporate capacity, instituted this action against the defendants B. Randolph, Wm. T. Hamilton, and Joseph R. Sharp as the county commissioners of said county. The other parties were made defendants as bondsmen of said commissioners. The action was commenced to recover from said defendants certain moneys which, it is alleged, said commissioners disbursed and expended without authority of law. Three actions were commenced, but were consolidated in the district court and thereafter proceeded as one action, and we shall so treat them. The defendants answered the complaint and as a defense to the action in substance averred that during the years 1912, 1913 and 1914, one C. C. McWhinney was the county attorney of said Carbon County, and that during said years one Thomas F. Kelter was the county sheriff; that said county attorney and said sheriff had willfully failed, neglected, and refused to prosecute certain gamblers and to suppress gambling which was carried on and conducted openly and notoriously in said county by certain gamblers and others, and which was permitted by said county attorney and said sheriff, although they had officially been requested by said county commissioners to institute and prosecute proper proceedings against said gamblers and to suppress said gambling; that said commissioners had applied to the Attorney General of the state of Utah for aid, advice, and assistance in the premises, but had received none; that for the reason that said county attorney and said sheriff had knowingly and willfully failed, neglected, and refused to discharge their official duties as aforesaid, said county commissioners ordered and directed one George N. Hill to institute proceedings in his name against both the said county attorney and against said sheriff to remove them from their respective offices; that said county attorney was necessarily dis-

qualified to act in said actions, and for that reason said county commissioners, on behalf of said Carbon County, employed certain attorneys to prosecute the actions commenced by said Hill against said county attorney and said sheriff; that said commissioners, in the name of said county, agreed to pay, and did pay, to the attorneys employed by them, for the purposes aforesaid, certain moneys belonging to said county for attorney's fees and for expenses, etc.; that the moneys so expended and disbursed, as aforesaid, were necessarily expended and disbursed for the purpose aforesaid, and the amount sought to be recovered in this action is the amount so paid, expended, and disbursed, as aforesaid. Carbon County filed a general demurrer to the answer and the district court sustained the demurrer and entered judgment against the defendants for the several amounts stated in the complaint. The defendants appeal.

It is insisted that the district court erred in sustaining the demurrer to the answer and in entering judgment against them for the moneys expended and disbursed by the county commissioners as aforesaid. It will be observed that the county, by its demurrer, admits the facts stated in the answer regarding the willful neglect and misconduct of the county attorney and county sheriff. The present theory of the county is outlined in its brief in the following words:

"It is true that the county attorney was defendant in one case, and that the county sheriff was the defendant in the other case, and it is probably true that the county attorney and the county sheriff were in collusion, so that the county attorney would have been disqualified to conduct these suits; but these facts will not excuse the county commissioners for paying out county money to aid a private person in conducting civil suits to which the county was not a party."

In other words, the county now takes the position that, although the county attorney and the county sheriff not only willfully and knowingly refused to prosecute the gamblers and to suppress gambling in Carbon County, and that they both willfully disregarded the order of the county commissioners to perform their official duties in that regard, yet proceedings instituted at the request and upon the direction of the

county commissioners by said Hill to remove said county attorney and said sheriff from office were merely private proceedings in which the county had no interest whatever, and therefore the moneys expended and disbursed for the purposes before stated by the commissioners were disbursed without authority of law, and therefore the judgment is right and should prevail. Upon the other hand, the county commissioners contend that under the different statutes of this state, when considered together, it was their duty to prosecute delinquent officials, and the fact that the prosecutions were commenced in the name of Hill is not controlling. One of such statutes relied on by the county commissioners, among other things, prescribes the general powers and duties of the county commissioners of the several counties of this state as follows:

"To supervise the official conduct of all county officers and officers of all precincts, districts and other subdivisions of the county (except municipal corporations); see that they faithfully perform their duties; direct prosecutions for delinquencies; and, when necessary, require them to renew their official bonds, make reports, and present their books and accounts for inspection." Comp. Laws 1907, Sec. 511, subd. 3.

We have a further statute (Comp. Laws 1907, Sec. 4580) which, so far as material here, reads:

"When an accusation in writing, verified by the oath of any taxpayer, shall be presented to a district court, alleging that any officer within the jurisdiction of the court has  *  *  * knowingly, willfully, and corruptly refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court."

The statute then provides for a hearing, and concludes thus:

"And if, on such hearing, it shall appear by the verdict of the jury that the charge is sustained, the court must enter a judgment that the party accused be deprived of his office, and taxed with such costs as are allowed in civil cases."

Other provisions are contained in several other sections of the statute. In section 4566 it is provided that either the grand jury or county attorney may present accusations against "any district, county, precinct, municipal, or school district officer, or officer of any board of education, for any high crime,

misdemeanor, or malfeasance in office.'' In section 4579 it is provided that, in case the county attorney is charged, the accusation must be made by the grand jury or by the Attorney General of the state, and that the judge of the district court must ''appoint some one to act as prosecuting officer in the matter, or place the accusation in the hands of the county attorney of an adjoining county and require him to conduct the proceedings.''

All of the sections we have referred to, except section 511, subd. 3, are taken from the Penal Code of Montana. See Rev. Codes Mont. 1907, Sec. 8991-9006 (Pen. Code 1895, Secs. 1530 to 1545, inclusive). Practically the same provisions are also found in the California Penal Code constituting sections 758 to 772 of that compilation. Several of the sections above referred to, including section 4580, *supra*, have frequently been before the Supreme Court of California, as appears from the annotator's notes to said sections, to which we refer. Section 4580, *supra*, was before the court in the case of *Coffey* v. *Superior Court*, 147 Cal. 525. It was there held that the proceedings against an offending officer ''may be inaugurated by a grand jury,'' as provided in our section 4566, *supra*, ''or by a private individual,'' as provided by our section 4580, *supra*, which is section 772 of the California Penal Code. In other words, it is there held that prosecutions may be inaugurated under either section, and that the remedies provided therein are cumulative. By referring to the history of the several sections of the California Penal Code it will be seen that section 772, which corresponds to our section 4580, was originally passed as an independent act. In 1872, however, it was added to the other sections numbered 758 to 771, inclusive, as section 772. The California Supreme Court's construction, therefore, that the remedy provided in our section 4580 is cumulative is clearly sound. It should not be assumed that in adopting an additional section upon the same subject the Legislature did not also intend the additional remedy provided in such section as being cumulative. In addition to the provisions contained in the California and Montana statutes we have the provisions found in section 511, subd. 3, to which we have already di-

rected attention. It is there provided that the county commissioners of the several counties of this state must see that the several officers in that section enumerated, among which are county attorneys and county sheriffs, "faithfully perform their duties." In case the officers fail or neglect to discharge their official duties it imposes the duty upon the commissioners to "direct prosecutions for delinquencies." It would thus seem that the statute has conferred ample authority upon the county commissioners of this state to institute proceedings against and to prosecute any and all officers mentioned in section 511, subd. 3, in case of official delinquency. It would also seem that, being given the power to prosecute, they also have the power to direct prosecutions.

It may be that in directing Mr. Hill to institute proceedings against the alleged delinquents and to prosecute them the commissioners proceeded irregularly. Such irregu- **2, 3, 4** larity was a matter, however, to be raised and considered in that proceeding. If, however, it were now conceded that the proceedings were irregular, even grossly so, yet that fact, standing alone, would not, as the county now insists, make the act of the county commissioners in directing the prosecutions void and without legal effect. Neither is the contention sound that the action of the county commissioners in paying the money for the purposes aforesaid was illegal and without authority of law because the county was not a party to and was not, as a corporate entity, pecuniarily interested in the action or proceedings against the county attorney and the sheriff. It must not be overlooked in this connection that the statute authorizes the county commissioners to "direct prosecutions for delinquencies" generally and not only in cases where the county, as a corporate entity, is pecuniarily interested or to which it is a party. While, as already suggested, the commissioners may not have proceeded in the most approved manner, and may have erred, yet they nevertheless did not act or proceed without authority of law, and hence, as pointed out in *Salt Lake County* v. *Clinton,* 39 Utah 462, 116 Pac. 1075, money disbursed by them, although paid irregularly or erroneously, cannot be recovered in an action instituted against them for that purpose.

It is quite true, as contended by the county, that the doctrine that county commissioners can exercise such powers only as are expressly or by necessary implication conferred upon them by the statute is elementary. The duty to require all county officers to "faithfully perform their duties" and to "direct prosecutions for delinquencies" is expressly imposed upon the commissioners. The duty being imposed, the power to discharge such duty and to make it effective is therefore necessarily implied. The statute does not, as the county contends, limit the commissioners to actions only in which the county is pecuniarily interested and to which it is a party. The statute having imposed no such limitation, the courts are not authorized to impose one. Moreover, as pointed out by the Supreme Court of California in *Coffey* v. *Superior Court, supra,* the several statutes provide for cumulative remedies against delinquent officers. Why then may not the county commissioners, upon whom is cast the special duty to see that the laws are enforced in the county and to prosecute delinquent officers who ·fail or neglect to perform their official duties in that regard, either inaugurate or direct prosecutions and defray the expenses necessarily incurred out of available county funds? And in case the county attorney is the accused party, or is otherwise disqualified, why may not such commissioners employ other counsel and allow them reasonable compensation for their services? If they may not do that, then they cannot discharge the duties imposed on them by the statute. Again, why say that the commissioners cannot employ counsel except in cases to which the county is a party or in which it has a direct pecuniary interest? Are not the taxpayers interested in having the laws enforced? Is it not to their interest to have the officers discharge their official duties? Is it not a notorious fact, universally acknowledged, that the real weakness of popular local government lies in the lax enforcement of the laws relating to what are known as police powers by the local officers whose duty it is to enforce them? Is it not a matter of general knowledge that public officers, upon whom the taxpayers rely for protection, too often shut their eyes to the offenses committed by gamblers, confidence men, prostitutes, and like of-

fenders? Where such conditions prevail, and every one knows that they do now and then prevail, of what use are our penal laws? Under our form and construction of government all communities must rely upon the honesty and integrity of their officers. If they refuse to arrest and prosecute gamblers, government becomes a mere farce. As pointed out by the Supreme Court of California the Legislature had the power, and by the enactment of the several statutes has provided cumulative remedies by which officers who knowingly and willfully fail and neglect to perform their official duties may be, expeditiously and without great expense, removed from office. Removal from office is the only penalty that such statutes impose. So far as the pleadings show the county commissioners, in good faith, attempted to discharge their legal duty as they understood the law. They should be commended rather than penalized for that so long as there is any law justifying their acts and conduct, although they may have acted irregularly and erroneously.

It is not necessary to refer to the numerous cases cited by counsel. Neither side has found a case precisely in point, and we have found none. No case has, however, been cited—and we have found none—in which a doctrine contrary to the one we have invoked and followed has been announced. Nor have we found any statute in which the duty to prosecute delinquent officers is imposed upon the county commissioners in terms and as broad as it is in our own statute. Our conclusion, therefore, is principally based upon the provisions contained in our statute.

The judgment is reversed, and the cause is remanded to the district court of Carbon County, with directions to grant a new trial and to proceed with the case in accordance with the views herein expressed. Appellants to recover costs.

STRAUP, C. J., and McCARTY, J., concur.