Crosman *v.* Nightingill.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Storey County, Hon. R. S. MESICK presiding.

*Hillyer & Whitman* and *Thos. Sunderland*, Attorneys for Respondents.

*Quint & Hardy* and *Harmon*, for Appellant.

---

# J. S. CROSMAN *v.* A. W. NIGHTINGILL.

## MANDAMUS.

The law making the Lieutenant Governor of the State of Nevada *ex officio* Warden of the State Prison, and allowing him a salary for such services, does not conflict with that provision of the State Constitution which provides that no increase of compensation of certain officers shall take effect during the term for which they have been elected. The Lieutenant Governor in office at the time of the passage of the law may, therefore, draw the salary allowed to him as Warden.

Original application for writ of mandamus in the Supreme Court.

The facts appear in the opinion of the Court.

*G. A. Nourse*, Attorney General, for Nightingill.

*Thos. Wells* and *J. Neely Johnson*, for Petitioner.

The compensation fixed by the Constitution is only as President of the Senate, not as Lieutenant Governor. We admit

that cannot be increased or diminished during his term, as per Section 9 of Article IV. of the Constitution. But other duties can be imposed upon and payment allowed therefor to the Lieutenant Governor. (Sec. 5 of Art. XVII.)

And this section fixes the compensation of Senators and Members of the Assembly, at eight dollars per day.

But the Lieutenant Governor is not mentioned in Section 5 of Article XVII. of the Constitution. *Expressio unius, exclusis alterius.*

Opinion by LEWIS, C. J., full Bench concurring.

Application for a peremptory writ of *mandamus* to compel the Controller of State, A. W. Nightingill, to issue a warrant on the State Treasury for the sum of two hundred dollars, claimed to be due the petitioner, Crosman, for one month's salary for his services as Warden of the State Prison.

The petitioner is the Lieutenant Governor of the State of Nevada. At the last session of the Legislature it was provided by law that the Lieutenant Governor shall be *ex officio* Warden of the State Prison, and that he shall receive a compensation therefor of twenty-four hundred dollars per annum; and it is made the duty of the Controller to draw his warrant on the Treasurer in favor of the Warden for such compensation, at specified periods.

The Controller, claiming that the law appropriating twenty-four hundred dollars salary to the Warden is unconstitutional, refuses to draw his warrant in his favor for that proportion of salary now due.

One question only is raised in the case, *i. e.*, does this law conflict with those provisions of the Constitution which declare that the salary or compensation of officers shall not be increased or diminished during the term for which they are elected? The only constitutional provisions bearing upon this question are the following:

" The members of the Legislature shall receive for their services a compensation to be fixed by law and paid out of the public treasury; but no increase of such compensation shall take effect during the term for which the members of either

house shall have been elected; provided that an appropriation may be made for the payment of such actual expenses as the members of the Legislature may incur for postage, express charges, newspapers and stationery, not exceeding the sum of sixty dollars for any general or special session to each member; and provided furthermore, that the Speaker of the Assembly and Lieutenant Governor and President of the Senate shall each during the time of their actual attendance as such presiding officers, receive an additional allowance of two dollars per diem." (Art. IV., Sec. 33.)

"The Legislature may at any time provide by law for increasing or diminishing the salary or compensation of any of the officers, whose salary or compensation is fixed in the Constitution; provided no such change of salary or compensation shall apply to any officer during the term for which he may have been elected." (Art. XV., Sec. 9.)

And Section 5, Article XVII., after fixing the salaries of all the State officers, except that of the Lieutenant Governor, provides that "the pay of the State Senators and members of the Assembly shall be eight dollars per day for each day of actual service, and forty cents per mile for mileage, going to and returning from the place of meeting. No officer mentioned in this section shall receive any fee or perquisite to his own use for the performance of any duty connected with his office, or for the performance of any additional duty imposed upon him by law."

The only compensation or provision for allowing compensation to the Lieutenant Governor is that in the 33d section. And by that it is only provided that if a certain duty is performed by him he shall receive a compensation of ten dollars per day. Is this such a compensation or salary as will prohibit him from receiving additional compensation for other duties which are imposed upon and performed by him.

The Lieutenant Governor, as such, receives no salary or compensation, but only a per diem for services actually rendered in his capacity of President of the Senate.

The constitutional restriction imposed by Section 9, Article XV., and Section 33, Article IV., is doubtless intended only to prevent the increase of salary or compensation of offi-

cers, as such officers, or for duties naturally belonging to their positions, and can scarcely be extended to prevent the allowance of a compensation to officers upon whom duties or responsibilities in no wise connected with their offices are imposed.

In the case of the officers mentioned in Section 5, Article XVII., a different rule prevails, for they are expressly prohibited from receiving any fee or perquisite for the performance of any additional duty imposed upon them by law. The compensation which petitioner receives also being for a specific duty which he may perform, would raise the implication that for any other duties imposed upon him, other compensation might be allowed.

But the most incontestible point in favor of the petitioner is that the salary which he receives for his services as Warden is no wise an increase of the compensation of the Lieutenant Governor as such officer, but he is appointed to another office, to which a separate and distinct salary is attached and independent duties are imposed.

It is not twenty-four hundred dollars per annum added to the compensation of the Lieutenant Governor for the discharge of duties belonging to that office, but a compensation attached to another office to which he is appointed. There is nothing in the Constitution or the laws of this State prohibiting him from holding the two positions, and if he may hold both positions he may receive the salaries of both offices.

It would be putting a construction too restricted upon the Constitutional limitation to hold that the provision which prohibits the increase of salary or compensation would prevent the holding of two offices by the same person, or the receipt of the salary of both by the same individual.

We think the limitation in Article XV., Section 9, and Article IV., Section 33, should be confined to the increase of salary or compensation for the discharge of duties naturally belonging to a certain office, and should not prohibit compensation for the performance of other and independent duties in nowise belonging to it.

The peremptory writ of mandamus must therefore issue.