[No. 5359.]

## MELONE *v.* THE STATE.

SECRETARY OF STATE—ADDITIONAL SALARY.—The Legislature may devolve on the Secretary of State the performance of services foreign to the office, and may pay him a salary therefor in addition to his salary as Secretary of State.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

The plaintiff was Secretary of State from the first Monday in September, 1871, to the first Monday in December, 1875. The Political Code prescribed the duties of the Secretary of State, but in addition thereto, the Code created a Board of Examiners, consisting of the Governor, Attorney-General, and Secretary of State, whose duty it was to examine and allow or reject all claims against the State. The Code provided that the salary of the Governor and Secretary of State for services performed under it should be one thousand dollars each, per annum. The salary of the Attorney-General for the same services was to be fifteen hundred dollars. The Code went into effect January 1, 1873. The Legislature of 1873–4 refused to appropriate money to pay these salaries. In 1876, an act was passed authorizing the members of said board to sue the State for their salaries. Under said act this suit was brought on the 25th day of April, 1876. The State resisted the payment on the ground that the Constitution (Art. V, Sec. 21), provided that these officers should, at stated times, during their continuance in office, receive for their services a compensation which should not be increased or diminished during the term for which they had been elected, and that neither of these officers should receive, for his own use, any fees for the performance of his official duties. The salary of the plaintiff as Secretary of State was four thousand dollars per year. The plaintiff recovered judgment, and the defendant appealed.

*Jo Hamilton, Attorney-General,* for Appellant.

*Haymond & Coggins,* for Respondent.

By the COURT:

This action was brought for the recovery of the salary provided by law for the Secretary of State as a member of the State Board of Examiners. Upon the grounds on which it was held in *Love* v. *Baehr* (47 Cal. 364), that the Attorney-General was entitled to a salary as a member of the same board, we are of the opinion that the Secretary of State is entitled to the salary provided for by section 684 of the Political Code.

Judgment and order affirmed. Remittitur forthwith.