Jelke, J,; Swing, P. J., and Gieeen, J,,
concur.
The question in these cases is whether or not an allowance of five dollars per day can be made to the auditor, each of the county commissioners, and the county surveyor, as members of the decennial county board of equalization, under what is known as the Hendley-Royer law, viz., section 2813 of the Revised Statutes, as amended by the Hendley law (94 O. L,, 246) and by the Royer law (94 O. L., 336), and construed by the supreme court in the case of State ex rel. Guilbert, Auditor, v. Halliday, Auditor (44 W. L. B., 202).
It is contended by counsel for the auditor that the defendants in error are all county officials, and therefore section 20, aritcle II, of the constitution forbids any change affecting their salaries or compensation during their respective terms of office; and further, that an act of the same general assembly which passed the Hendley-Royer law, viz., 94 O. L,, 396, providing “that no act heretofore passed at this session of the general assembly,regulating the salaries and compensation of county officers, in any county of the state, shall be construed to affect or change in any manner the salary or compensation of any county officer elected prior to the passage of such act,” makes nugatory the clause.of the Hendley law providing for compensation (94 O. L., p. 28).
*411 From an examination of the authorities, we are of opinion that this case turns upon the question whether the service of a member of the decennial county board of equalization is without the scope of the official duty of each of these county officers respectively; isas to the offices to which they have been elected extra-official, or is germane and incident to such official duty.
In the following cases, under more or less similar constitutional or legislative provisions, compensation has been allowed: Evans v. City of Trenton, 24 N. J. L. R., 764; United States v. Saunders, 120 U. S., 127; Ex rel. Anderson v. Durick, 20 California, 94; Lovev. Baehr, 47 California, 364; Melone v. State, 51 California, 549; Green v. State, 51 California, 577; Crossman v. Nightengall, 1 Nevada, 274; Ex rel. Davenport v. Laughton, 19 Nevada, 202; Ex rel. Howell v. La Grave, 23 Nevada, 373; Burroughs v. Commissioner, 29 Kansas, 196; Kansas v. Coxning, 44 Kansas, 443; Ex rel. McGrath v. Walker, 97 Missouri, 162; McBride v. Grand Rapids, 47 Michigan, 236; Roulo v. Auditors, 74 Michigan, 129; Detroit v. Redfield, 19 Michigan, 376.
In the following cases compensation was denied: Ex rel. Stetson v. Supervisors, 36 Michigan, 10; Jones v. Commissioners, 57 Ohio St., 189; Henderson v. Pueblo Commissioners, 9 Colorado App., 301; State, ex rel. v. Raine, Auditor, 49 Ohio St., 580; Strawn v. Commissioners, 47 Ohio St., 404; Callaway Co. v. Henderson, 119 Missouri, 32; Bartch v. Cutler, 6 Utch, 409; People v. Calhoun Co., 36 Michigan, 10; Donaldson v. Wabash Co., 92 Indiana, 80; Comas v. Bromley, 108 Indiana, 158; Hope v. Hamilton County, 47 S. W., 487.
And generally on this subject see Mechem on Public officers, sections 859-864; Dillon on Municipal Corporations, volume 1, paragraphs 233 and 234, and notes.
The reason of such constitutional and legislative provisions sounds in contract, and is that one entering upon an office to which a salary or compensation has been affixed, undertakes not only to perform such duties as are prescribed to such office, but has in contemplation the performance of all duties which may arise which are naturally incident to such office or are germane to it, and that when the legisla *412 ture specifies an additional duty germane in its nature and naturally incident to the office, it has added nothing but. what the officer is deemed to have had in contemplation when he entered upon the office at a fixed salary.
The administration of the county’s business is divided among its various officers and boards, and, theoretically speaking, such division is supposed to embrace all necessary powers and duties of the county.
The service performed by each and every member of the' decennial county board of equalization is the same, be he in other capacity auditor, surveyor or county commissioner. If, then, this service is incident and germane to the duties: of any county officer, it is important to discover which. If the county’s business is properly divided, it is logically impossible that it should be incident to more than one, or to three. It is absurd to assume that three officers entered upon their different offices under an implied obligation to perform one and the same service. If we say this service is incident to one of the three — the auditor or the commisioner or the surveyor — we do not say that it is incident to either. We are therefore driven to choose one and say that this service is incident to his office, or to say that it is incident to neither of them. If it is incident to neither, the conclusion is plain, it is as to them a new office, and they may receive compensation. If we choose one and say this service is incident to hiB office, the result is manifestly unfair because we deny him compensation and give it to the others.
The service performed by the members of the decennial county board of equalization is more akin or germane to the duties of the county auditor than to the others. Let us therefore take this horn of the argument and see whether or not this service is as to him so incident to his office as to come within the constitutional and legislative prohibition against additional compensation.
The language of the Hendley law, itself, furnishes us a clue as to what the legislature thought in this regard. On page 248 (94 0 L,), at the twentieth line, the law provides: “Including the county auditor in his own proper person,’’ Recognizing that all moneys received by the auditor, as auditor, must go directly into the fee fund, and. *413 that the duties on the decennial board are not auditorial duties or performed in the capacity of auditor, but are a distinct and independent service performed in another capacity, and anticipating and providing against the very question raised in this case, and intending that the compensation provided for should go to the person performing the service on the board irrespective of other official capacity, the legislature inserted these significant words. And inasmuch as the county auditor is the only one of these three officers who receives fees for services performed in his official capacity which pass into the fee fund, but is himself paid a fixed salary, it becomes apparent that the legislature deemed it necessary to say this only as to him, thinking that the question never could arise as to the others, hence the insertion of these words becomes pregnant wilh meaning as to all.
This argument disposes of the objection under the prohibition of the act of the legislature (94 O. L., 396), but does not meet the constitutional objection. It will not do to say that this provision is constitutional because the legislature thought this service not “incident,” The legislature intends all its acts to be within the constitution, and presumptively they are. This brings us back to the main question, which must be determined from the nature of the service itself.
In the first place this service is so large and important that it properly is not confided to an individual, but to a board of five members, which acts with a quorum and by a majority of three. The individual members can do nothing by and of themselves.
How can it be said that service on this board is of such a nature that it was in contemplation of the legislature in prescribing the duties of the auditor, or in contemplation of the auditor, when he assumed the duties and responsibilities of his office at a fixed salary? He does nothing on the board as auditor. The legislature has had recourse to his office merely for the purpose of providing an ex officio method of appointment, An examination of the cases cited above will show that the ex-officio appointment does not *414 render the service any less distinct and independent, if it is in its very nature distinct and independent.
Frank F. Dinsmore, for Plaintiffs.
Wilson, Gosgrave & Jones, County Solicitors, for Defendants.
An “incident” or “germane” duty can not be larger and more important than the essential or prescribed duties of an office. It seems to us that this duty is so large and important that the legisJature did wisely in not imposing it upon any county officer as such, and in confiding it to a separate board; and although the auditor acts as a member of the board, the board’s action is so superior to the auditor, and controlling upon him in his official capacity as auditor, that his position on the board can not be considered as an “incident” or “germane” duty.
It was said in White v. East Saginaw (43 Michigan, 567), in a somewhat different inquiry:
“The imposition of new duties not‘incident’ or‘germane’ to the regular duties of his office upon an officer, does not change his office, but invests him with a new office,”
We therefore are of opinion that the compensation of five dollars per day, provided for the auditor in the Hendley law, is not in contravention of any other legislative provision or of the constitution.
This conclusion follows with even greater certainty as to the surveyor and county commissioners.
Judgment affirmed.

Synopsis of Briefs of Counsel in the Supreme Court.

Wilson, Cosgrave & Jones, County Solicitors, for Plaintiff in Error, County Auditor, contend: The allowance of $5.00 per day, as provided by sec. 2813a R, S.,94 O. L, 246, can not be made to the county auditor, county commissioners and county surveyor of Hamliton county as ex officio members of the Decennial Board of Equalization, for the reason:
(1 ) By the later act, 94 O. L. 396, it is provided that no previous act of the legislature should be permitted to change in any manner the salary or compensation of any county officer elected' prior to the passage of such act. While both these laws were passed on the same day, under the decisions of the supreme court in regard to the Royer Hendley laws, the provisions of the law passed-later affect the provisions of the law passed earlier, and therefore, county auditors, commissioners and surveyors elected before the later law was passed, as all the officers are in this case, are not enfci *415 tied to the compensation of $5.00 per day for their ex officio services-on the decennial board.
(2.) Under sec; 20, Art. 2,of the constitution, the salary of these officers could not be increased during their present terms of office.
At the time of the election of county auditor Lewis, sec. 2833-made it one of his duties ex officio to act as member of the decennial board of equalization, and at that time no salary or compensation was allowed or paid by law for the members of the board of equalization, while sec. 1345 fixed the maximum compensation of the auditor of Hamilton county “from every source” at $5000.00 per year, and by sec. 1075 it was made unlawful for any county auditor to charge or receive any other or further fees or compensation either as clerk ot any board, or for any other services rendered by him.
(3.) This is not a case where an individual is clothed with two distinct offices,for it is only by virtue of holding these county offices that the incumbent became members of the decennial board, as appears from the fact that one of the commissioners,one of the relators, ceased to be a member of the decennial board on the expiration of his term as county commissioner and his successor in that office became a member of the decennial board on his accession to the office of county commissioner. The legislature did not undertake to appoint particular individuals to the office ot members of the decennial board, which of itself would be unconstitutional, (Art. 2 sec. 27), but simply provided an additional duty for these county officers who each became ex officio members of the decennial board; citing Henderson v. Pueblo Com’rs, 4 Col. App. 301; State ex rel. v. Raine, 49 Ohio St., 580; Mechem on Public Officers, sec. 862; 1 Dillon Municipal Corp. 315; Evans v. Trenton, 24 N. J. L., 764; 47 Ohio S., 404; Anderon v. Jefferson Co., 25 Ohio St., 13; McClave v. Miller, 25 Ohio St., 14; Lease’s Claim, 4 Ohio C. C., 3; Halpin v. Cincinnati, 2 W. L. Gazette 380; Hitch v. Cincinnati, 17 Ohio St., 48; Hope v. Hamilton county, 101 Ten. 325; Jones v. Com’rs Lucas Co., 57 Ohio St., 189.
Frank F. Dinsmore, for Defendants in Error. The act of 'April 16, 1900, has no application to the compensation allowed by the Henley law, see. 1328a R. S., to the county officers serving on the decennial board and elected prior to the passage of the act. The Hendley law is not within the terms of this act. All the county officers constituting the board of i qualization throughout the state had been elected for the year 1900 prior to the passage of the act of April 16, 1900. Consequently the legislature having provided by the Hendley law for compensation of these officers and at that time having in mind the board of equalization for the year 1900, if the act of April 16 would apply to these officers, then it would have to be presumed that the legislature was considering compensation for the board for the year 1910 and following. Acts providing for the compensation for the board having been passed in 1880 and 1890, it may be presumed that the legislature in 1900 intended by the Hendley law to follow that policy and provide compensation for the decennial board of that year.
(3.) Sec. 20, art. 2 of the constitution forbidding the change of “salaries” of officers during their existing term does not apply to county surveyor who receives no salary but only fees, nor to the auditor of Hamilton county who under the Hamilton county fee bill, secs. 1341 to 1358 R. S.,is required to pay all fees arising in his office into the county treasury and receives out of the fee fund a compensation not exceeding $$5000 a year. If his fees paid into the coun *416 ty treasury do not amount to that sum he receives less. Such a provision is not a salary. State ex rel. v. The Judges, 21 Ohio St., 1. If the Hendley law provides additional fees for the auditor, but whether the auditor could retain these fees, or be required to pay them into the county treasury under the fee bill, after they are collected, is a question not involved in this case,
y The commissioners of Hamilton county receive a fixed salary under secs. 807 and 807a. But contended that the compensation provided for the auditor and the salary of the county commissioners do not include payment for all services which may be rendered by them in any capacity, not incidental or germane to their offices. There is no particular relationship between the offices of county surveyor, county auditor and county commissioner and that of member of the board of equalization. See opinion of Judge Spiegel in this case in the common pleas, 8 Nisi Prius Rep. 84 Citing also State ex rel. v. Walker 97 Mo., 162; Love v. Baehr, 47 Cal. 364; Melone v. State, 51 Cal. 549; Green v. State, 51 Cal. 577; Crossman v. Nightengall, 1 Nev. 323; People v. Durick, 20 Cal. 94; Paulo v. Board of Auditors, 74 Mich., 129.