THE STATE OF UTAH ex relatione S. W. RITER, Appellant, v. JOHN QUAYLE et al., as Members of the City Council of Logan City, Respondents.

No. 1434.     (71 Pac. 1060.)

1. **Municipal Corporations: Limitation of Indebtedness: Proviso How Construed.**

   In construing a proviso in a constitution, it should be confined to the antecedent next preceding it, unless a contrary intention clearly appears.

2. **Same:**

   Constitution, article 14, section 3, providing that no indebtedness in excess of the taxes for the current year shall be created by any city except by vote of the qualified electors, and section 4, providing that no city shall become indebted to an amount exceeding four per cent of the taxable value of the property therein, provided that any city when authorized as provided in section 3, may be allowed to incur a larger indebtedness, not

exceeding four per cent additional, for supplying such city with water, artificial light, or sewers, vest the Legislature with power to authorize cities to create an additional indebtedness for light, water, and sewer purposes, not exceeding four per cent of the value of the taxable property therein.[1]

(Decided April 4, 1903.)

Appeal from the First District Court, Cache County.— *Hon. C. H. Hart,* Judge.

Action in the nature of an application for a writ of prohibition directed to the members of the city council of Logan City, on the relation of S. W. Riter, to prohibit said city council from issuing and selling municipal bonds the proceeds of which are proposed to be used in installing an electric lighting plant to be owned and controlled by the municipality. From a judgment dismissing the action, the plaintiff appealed.

AFFIRMED.

*F. K. Nebeker, Esq.,* for appellant.

*James C. Walters, Esq.,* for respondents.

BASKIN, C. J.—The relief sought by the plaintiff in this action is the issuance of a writ of prohibition in accordance with sections 3654, 3655, Revised Statutes 1898, against the defendants in their capacity as city councilmen of Logan City. The pertinent allegations of the affidavit, upon which the relief sought by the plaintiff is predicated, are as follows: "That said defendants, constituting the city council of Logan City, heretofore, to-wit, on the 4th day of July, 1902, caused a special election to be held for the purpose of submitting to the qualified electors of said Logan City the question of bonding said city in the sum of $65,000 for the building and establishing of an electric light plant to be owned by said municipality, and for the supplying of

---

[1] State v. City Council, 23 Utah 13, 64 Pac. 460.

said Logan City with artificial lights; that at said election a majority of said electors voted in favor of so bonding the city, and thereafter, to-wit, on the 6th day of August, 1902, said defendants, in their said capacity as city council of said Logan City, duly passed and adopted a resolution authorizing the issuance and sale of said bonds, and said defendants are now about to issue and sell to the State of Utah sixty-five bonds, aggregating the sum of $65,000, the proceeds of which are to be expended in building and establishing said electric light plant; that the total assessed valuation of all taxable property within said Logan City, as ascertained from the last assessment for State and county purposes, and upon which said proposed bond issue is to be based, is the sum of $1,700,060, and there are now outstanding against said Logan City bonds amounting to the sum of $85,000, consisting of 'Liquidation Bonds' in the sum of $45,000, dated January 31, 1892, and 'Waterworks Bonds,' amounting to the sum of $40,000, dated December 31, 1892; that said waterworks bonds were issued and sold, and the proceeds thereof expended in the construction of waterworks owned and controlled by the municipality for supplying said Logan City with water, and all of said bonds are now unredeemed, outstanding, and valid obligations against said Logan City; that, unless said defendants are prohibited and restrained from so doing, they threaten to and will increase the said bonded indebtedness of Logan City in the sum of $65,000, thereby creating a bonded indebtedness against said municipality far in excess of the amount allowed and authorized by the Constitution and statutes of this State, and plaintiff has no speedy or adequate remedy at law.'' Upon this affidavit an alternative writ was issued, and the defendants were enjoined from further proceeding in the matter until the further order of the court, and were required to appear, and show cause why they should not be permanently restrained. The defendants demurred to the affidavit and alternative writ on the ground that they failed to state facts sufficient

to entitle the plaintiff to relief prayed for, or to any relief. The demurrer was sustained, whereupon the plaintiff rested, and the action was dismissed.

The only question involved is whether the issuance and sale of the proposed bonds would increase the indebtedness of Logan City beyond the limit fixed by the Constitution. Article 14, sec. 3, of that instrument, provides that: ''No debt in excess of the taxes for the current year shall be created by any county or subdivision thereof, or by any school district therein, or by any city, town or village, or any subdivision thereof in this State; unless the proposition to create such debt, shall have been submitted to a vote of such qualified electors as shall have paid a property tax therein, in the year preceding such election, and a majority of those voting thereon shall have voted in favor of incurring such debt.'' Section 4 provides that: ''When authorized to create indebtedness as provided in section three of this article, no county shall become indebted to an amount, including existing indebtedness, exceeding two per centum. No city, town, school district or other municipal corporation, shall become indebted to an amount, including existing indebtedness, exceeding four per centum of the value of the taxable property therein, the value to be ascertained by the last assessment for State and county purposes, previous to the incurring of such indebtedness; except that in incorporated cities the assessment shall be taken from the last assessment for city purposes: Provided, That no part of the indebtedness allowed in this section, shall be incurred for other than strictly county, city, town, or school purposes: Provided, further, That any city or town, when authorized as provided in section three of this article, may be allowed to incur a larger indebtedness, not exceeding four per centum additional, for supplying such city or town with water, artificial lights or sewers, when the works for supplying such water, light and sewers, shall be owned and controlled by the municipality.''

The antecedent of the relative phrase, ''not exceed-

ing four per centum additional,'' contained in the last proviso of section 4, is either the amount of the indebtedness including the existing indebtedness, or the value of the taxable property, stated in the same sentence in which the last proviso occurs.   If the latter is the antecedent intended, then the issuance and sale of the bonds in question will not increase the indebtedness of Logan City beyond the limit fixed by the Constitution, as the value of the taxable property therein, according to the last assessment, is $1,700,060.   It is evident, from the provisions of the sections before quoted, that the framers of the Constitution intended to authorize the creation, within the prescribed limit, of additional and special indebtedness in cities and towns, when favored by a majority of the taxpayers, for the special purposes of supplying light, etc.   To hold that the first antecedent suggested is the one intended would defeat that manifest intention in many instances.   To illustrate:   The present indebtedness of Logan City, according to the allegations of the affidavit, is $85,000, and was incurred in 1892, four years previous to the adoption of the Constitution.   Four per cent of that amount would furnish only a trifling sum for the purpose intended, and in cities and towns having an indebtedness much less than the foregoing the sum furnished would be lower still, and, when no indebtedness at all exists, no additional indebtedness could be incurred for the special purpose intended, however pressing the necessity for the supply of water, light, and sewerage might be.   It is a rule of statutory construction, which also applies to the construction of a constitution, that a proviso should be confined to the antecedent next preceding it, unless the contrary intention clearly appears.   Fowler v. Tuttle, 24 N. H. 9, 22; Cushing v. Worrick, 9 Gray 382; Wolf v. Bauereis, 72 Md. 481-485, 19 Atl. 1045, 8 L. R. A. 680; 23 Am. and Eng. Ency. of Law, 636; Suth. Stat. Const., sec. 267.   There is nothing in this case to show that the proviso in question was intended to apply to the first antecedent suggested.

We are of the opinion that sections 3 and 4 of article 14 of the Constitution invest the Legislature with the discretionary power to authorize by law cities and towns, in the manner and for the purposes therein specified, to create a special indebtedness in any amount less that four per cent of the value of the taxable property therein as ascertained immediately preceding the creation of the debt, irrespective of the indebtedness previous to the adoption of the Constitution. In pursuance of said sections the Legislature, by section 308, Revised Statutes 1898, have authorized the cities and towns to incur an indebtedness not exceeding four per centum of the value of the taxable property therein.

Our construction of the provisions in question is in harmony with the construction of the same by the Legislature in the passage of the foregoing section, and by this court in the case of the State ex rel. v. City Council, 23 Utah 13, 64 Pac. 460.

The judgment of the lower court is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.