CRONQUIST v. MATHEWS, County Auditor, et al.

No. 3228. Decided July 10, 1918. (174 Pac., 621.)

OFFICERS—INCREASE OF SALARY OF COUNTY OFFICERS. Under Comp.
Laws 1907, Sections 2057, 2058, the board of county commissioners
cannot increase the salaries of county officers during their term of
office.

Appeal from the District Court of Cache County, First
District; Hon. J. D. Call, Judge.

Action by Olof Cronquist against A. M. Mathews, Jr., as
auditor of Cache County, Utah, and another.

Judgment for plaintiff. Defendants appeal.

AFFIRMED.

Roy D. Thatcher and J. W. Gardner for appellants.

Walters & Harris for respondent.

CORFMAN, J.

The plaintiff in his own behalf, as a citizen and taxpayer of
Cache County, and in behalf of all other taxpayers of that

county similarly situated, commenced this action in the district court for Cache County to have declared and adjudged illegal and void a resolution of the board of county commissioners attempting to fix or raise the salaries of certain officers of said county during the year 1918, and to enjoin the defendants, as the county auditor and county treasurer, respectively, from the issuance and delivery of county warrants in payment of such increased salaries. Upon the filing of the complaint, the district court issued its temporary restraining order restraining the defendants from payment of the increase of salaries and an order to show cause on a day certain why the temporary restraining order should not be made permanent. The defendants moved to vacate and dissolve the temporary restraining order and also demurred to the complaint on the general ground that it did not state facts sufficient to constitute a cause of action. Defendants' motion was denied and their demurrer overruled by the district court, and, upon the defendants declining to further plead, the court entered its judgment and decree that the temporary restraining order be made permanent. Defendants appeal from the orders and judgment thus made.

So far as material here, the facts alleged in the complaint and admitted by the demurrer are as follows: August 5, 1916, three months prior to the general election of county officers of Cache County, held November 6, 1916, the board of county commissioners of Cache County, in regular session passed, as required by law, a resolution fixing and determining the salaries of county officers for the next ensuing two-year term beginning January 1, 1917, and ending December 31, 1918. The respective salaries of county clerk, sheriff, and treasurer were then fixed for the ensuing term at $1,200 per annum and that of county attorney at $600 per annum. March 4, 1918, after the general election had been held and the county officers had qualified and entered upon the duties of their respective offices, the board of county commissioners again met and, by a resolution then passed, attempted to raise the salaries of county clerk and county sheriff to $1,600, the salary of treasurer to $1,500, and that of the county attor-

ney to $1,000 per annum; the increased salaries to become effective for the remainder of their unexpired terms.

The sole question presented by this appeal is: Did the county commissioners have the right to increase the salaries of the county officers of Cache County by the resolution passed March 4, 1918, so that the increases could become effective during the remainder of their unexpired terms for which they had been elected and had qualified?

It is contended by defendants that there is no constitutional or statutory prohibition precluding the board of county commissioners from increasing the salaries of county officers so that the increases may become effective after they have qualified and entered upon the duties of their respective offices, so long as the increases are within the maximum fixed by the Legislature.

The laws of Utah with respect to the salaries of county officials, since statehood and the adoption of the state Constitution, have been changed and amended from time to time, so that, in considering the question involved, it becomes necessary to refer to the legislative acts leading up to the statutes now in force and effect to which a construction must be given in determining whether the position taken by the defendants is tenable and to be sustained by the opinion of this court.

In the Laws of Utah 1896, p. 364, the Legislature fixed the salaries of state officers, definitely classified the counties of the state, and, after so doing, authorized the board of county commissioners of the respective counties to fix and determine the salaries of their county officials, not to exceed certain maximum salaries, at a meeting to be held three months prior to the general election of 1896 and biennially thereafter. The statute then contained the proviso:

"That the salaries of such officers shall not be affected for the term for which they were elected and shall have qualified."

By a revision of the Utah Laws 1898, the same provision, with the exception as to the salary of county superintendent, was carried forward and embodied in section 2058 of the Revised Laws of Utah 1898, and again carried forward verbatim in the compilation of the statutes of 1907, by section 2058,

Comp. Laws Utah 1907. The statute was afterwards amended
by the Legislature, in 1911 (Sess. Laws, pp. 111, 115), so that
the sections we have under present consideration now read:

"2057. The salaries of the officers of all counties in the
state shall be fixed by the respective boards of county com-
missioners at not to exceed the following maximum amounts:
Provided, that should the respective boards of county commis-
sioners, or any of them, fail to fix the salary of any of the
county officers as provided for in this act, the salary of the
predecessor of said officer or officers whose salary has not been
fixed, shall apply." (Then follows the classification of coun-
ties with the maximum amount of salaries fixed.)

"2058. The board of county commissioners of each county
shall biennially at a meeting held at least three months prior
to the election for county officers, ·fix and determine the
salaries of county officers, for whom maximum salaries are
fixed, for the two years next succeeding; provided, that the
board of county commissioners of counties of the first class
shall at a meeting held within thirty days after the passage of
this act, fix and determine the salaries of county officers in
accordance with the foregoing section; and provided further,
that the salaries of such officers shall not be reduced for the
term for which they were elected and shall have qualified.; pro-
vided, further, that the salary of the county superintendent
of schools be fixed at least three months prior to his election."

In the last enactment, 1911, there were made some notable
changes by the Legislature. It is conceded that the proviso,
"provided that the board of county commissioners of coun-
ties of the first class shall at a meeting held within thirty days
after the passage of this act, fix and determine the salaries
of county officers in accordance with the foregoing section,"
was for the purpose of meeting an emergency that had arisen
in counties of the first class; but it is argued and contended
by defendants that the second proviso, "and provided further,
that the salaries of such officers shall not be reduced for the
term for which they were elected and shall have qualified,"
and the elimination of the word "affected" from the statute
as enacted in 1896 and carried forward in subsequent enact-

ments until 1911, manifest an intention on the part of the Legislature to give to the board of county commissioners the right to increase the salaries of county officers in the manner complained of by plaintiff in his complaint.

We do not think the position taken by appellants in that regard is tenable. Keeping in mind the purpose of the first proviso made with respect to increasing the maximum of salaries of officers of the counties of the first class, it necessarily followed that the word "affected" could not be carried in the second proviso. In other words, the Legislature could not provide for an increase of salaries in the first provision, and in the succeeding proviso say they should not be "affected." Therefore the general rule contended for by appellant, that in the construing of a statute a proviso should be confined to the next preceding antecedent for the purpose of qualifying the enacting clause, necessarily cannot here apply, for it clearly appears that the second proviso, if it is to be regarded as a proviso, was intended only as a qualification of the first provision.

The qualification of the general rule as announced by this court in *State of Utah ex rel. v. Quayle,* 26 Utah, 26, 71 Pac. 1060, must be here held to apply.

Conceding, without passing upon the question as to the right of the Legislature to delegate to the county commissioners authority to fix the salaries of county officers within prescribed limits, the next question arises: Was there any intent of the Legislature to delegate to the board of county commissioners the power to change the salaries of county officers to take effect during their term of office? The substantive part of section 2058 reads:

"The board of county commissioners of each county shall *biennially* at a meeting held at least three months prior to the election for county officers, *fix and determine* the salaries of county officers, for whom maximum salaries are fixed, *for the two years* next succeeding." (Italics ours.)

It is a common provision in the Constitutions of practically all of the states that the salaries of public officers generally shall be neither increased nor diminished during their term

of office. The Utah Constitution (section 20, art. 7), while expressly providing that salaries of state and district officers shall not be increased or diminished during their term, makes no like provision directly affecting the salaries of county officers. It is provided, however, by section 1 of article 21 of the Constitution that:

"All state, district, city, county, town and school officers * * * shall be paid fixed and definite salaries."

It is further provided by section 26 of article 6 of the Constitution that:

"The Legislature is prohibited from enacting any private or special laws: * * * (18) Creating, increasing or decreasing fees, percentages or *allowances* of public officers during the term for which said officers are elected or appointed." (Italics ours.)

For the sake of argument let it be conceded in the face of the foregoing constitutional provisions that, as contended for by defendants, there cannot be found any express constitutional prohibition forbidding the Legislature of this state from changing the salaries of county officers during their terms of office, it is made manifest by the above-quoted provisions of the Constitution that, unless the Legislature intended to act counter to what we think the general public policy is clearly outlined by them to be in this state, the salaries of county officers may not be thus increased during their terms of office. That the state Legislature intended by the enactment of sections 2057 and 2058 to deviate from the general policy and make an exception as to county officers is not at all made apparent from the language used in the sections of the statute under consideration.

It is provided by section 2057 that "the salaries of the officers of all counties in the state shall be fixed." "Fix," in the general acceptance of the term, means to be made permanent and definite. By the Standard Dictionary, "To decide definitely." By Webster it is defined to mean, "To make definite and settled," or "to settle or remain permanently."

Section 2058 directs:

"The board of county commissioners of each county *shall*

*biennially* at a meeting held at least three months prior to the election for county officers, *fix and determine* the salaries of county officers, for whom maximum salaries are fixed, *for the two years next succeeding.''* (Italics ours.)

In the case at bar, in obedience to statute, the board of county commissioners of Cache County met on the 5th day of August, 1916, three months prior to the county election, held November 7, 1916, and "fixed and determined" that the salaries of county officers be sums certain, "for the two years next succeeding." The election was had, the defendants .were duly elected to the respective county offices they now hold, fully advised as to the salaries having been "fixed," "determined," and made definitely certain, not for a period of one month, two months, a year, or any indefinite period of time, but for the two years "next succeeding" the expiration of the terms of their predecessors in office.

To place a construction upon the statute that will enable the board of county commissioners to exercise the right at any time of increasing the salaries of county officers after they have been elected, qualified, and entered upon the duties of their offices, would, in our opinion, not only be inimicable to the best interests of the general public and good government, but would be an utter disregard of the plain intent and purpose of the Legislature, as expressed in the language of the statute, in granting to the board of county commissioners the right to determine the salaries within prescribed limits.

We are therefore of the opinion that the trial court was right in overruling the defendants' demurrer to the complaint, and that its judgment and decree entered herein must be sustained. It is so ordered. Costs to respondent.

McCARTY and THURMAN, JJ., concur.

FRICK, C. J. I concur in the result.

GIDEON, J.

I concur in the order affirming the judgment. However, if the opinion of Mr. Justice CORFMAN is intended to hold,

or is susceptible of construction, that there is a constitutional prohibition against the Legislature fixing the compensation to be paid to county officers at any time, even after their election and induction into office, or of granting such authority to the board of county commissioners, I do not agree or concur with that holding or construction.   I base my conclusions on the wording of the statute in question; that is, that the statute has expressly provided the time when the compensation or salary shall be fixed by the board of commissioners, and there is no authority granted the commissioners to reduce or increase such salaries during the term for which such officers were elected.