STATE EX REL. MILLER ET AL. *v.* LANI ET AL.,
COUNTY COMMISSIONERS

No. 3037

December 5, 1933.                    27 P.(2d) 537.

*McNamara & Robbins* and *James Dysart,* for Relators:

*Gray Mashburn,* Attorney-General, and *W. T. Mathews* and *Julian Thruston,* Deputy Attorneys-General, for Respondents:

**OPINION**

By the Court, COLEMAN, J.:

1. This is an original proceeding in mandamus. Each of the relators was elected to a county office in Elko County in November 1932, for a term of four years, and qualified in January 1933. At the session

of the legislature held in 1933, an act was passed and duly approved (Stats. 1933, c. 191), effective April 1, 1933, reducing the salary of each of the relators. The only question involved is the constitutionality of such an act; that is, can the salary of a county officer be reduced to take effect during his term of office?

It is conceded that the legislature has plenary power to pass an act diminishing the salary of a county officer effective during his term unless inhibited by the constitution. 46 C. J. 1020.

Article 17, sec. 5, of the constitution, as originally adopted, fixed the salary of all state officers, but not of county officers.

The provision of the constitution which it is claimed by relators inhibits the legislature from enacting a law changing the salary of a county officer during his term is article 15, section 9, as originally adopted, which reads: "The legislature may, at any time, provide by law for increasing or diminishing the salaries or compensation of any of the officers whose salaries or compensation is fixed in this constitution; provided, no such change of salary or compensation shall apply to any officer during the term for which he may have been elected."

As we have shown, one article of the constitution fixed the salaries of all state officers, whereas article 15, sec. 9, down to the proviso, admittedly deals solely with the question of increasing and diminishing the salary of a state official, and none other. Petitioners rely upon the words "any officer" in the proviso to sustain their contention, asserting that by the use of these words the constitutional convention intended to include all officers mentioned in the constitution, whether county or state.

2. We cannot accept this contention. The rule which we think here applicable is stated as follows: "The operation of a proviso is usually and properly confined to the clause or distinct portion of the enactment which immediately precedes it, and does not extend to or qualify other sections, unless the legislative intent that it shall so operate is clearly disclosed." 59 C. J.

1090; In Re McKay's Estate, 43 Nev. 114, 184 P. 305; State v. Beemer, 51 Nev. 192, 272 P. 656.

There is nothing to indicate that it was intended that the proviso should refer to any other section of the constitution; hence it must follow that the writ sought must be denied.

There is another reason why we should deny the writ, which is that the constitution was construed at sessions of the legislature immediately following its adoption, contrary to the contention of petitioner, and continually down to the present time.

The legislature of this state in 1865 (Stats. 1865, c. 125, p. 386) enacted that at the general election in 1866, and every two years thereafter, a district attorney should be elected in each county of the state, and fixed the annual salary of such official for each of the counties.

At its session in 1867 (Stats. 1867, c. 54, p. 96), the legislature amended the act of 1865 so as to change the salary of some of the district attorneys, to take effect during their terms.

Many amendments, changing the salaries of county officials, during their terms, have been made by the legislature from that time to this, and particular attention may be directed to the Statutes of 1913, c. 45, Stats. 1917, c. 161, and Stats. 1929, cc. 142 and 146, increasing the salaries of certain officers of Elko County during their terms of office.

The conclusion of this court as expressed by HAWLEY, C. J., in State v. Glenn, 18 Nev. 34, 1 P. 186, is not only appropriate, but controlling upon the question, in view of the action of the legislature in 1867 changing the salary of certain district attorneys during their terms. The court in that case points out that in the legislatures of 1866, 1873, 1879, and 1881 were men who were members of the constitutional convention, and that their construction of the constitution was entitled to great deference. The court, in the opinion mentioned, pointed out that the construction by the legislature had been acquiesced in for nineteen years. The construction of

the constitutional provision in question by the legislature of 1867 has been acquiesced in for over sixty years.

To the same effect see Dwarris on Statutes (2d ed.) 1848, p. 652; Labadie v. Smith, 41 Okl. 779, 140 P. 427, 430; Logan v. Davis, 233 U. S. 613, 34 S. Ct. 685, 58 L. Ed. 1121; State v. Brodigan, 35 Nev. 39, 126 P. 680, 682; 6 R. C. L. p. 63.

It is a significant fact that in State ex rel. Scott v. Trousdale, 16 Nev. 357, a similar state of facts to those here presented was involved, yet no such point as that now made was urged or considered. It can be accounted for upon only one theory, and that is that no one considered it tenable.

The application is without merit.

The writ sought is denied.

DUCKER, J.: I concur.

SANDERS, C. J., dissenting:

It is a common provision in the constitutions of most, if not all, of the states, that the salary of a public officer shall not be increased or diminished during his term. Such a provision is to be found in the constitution of Nevada. Article 15, sec. 9. The consensus of opinion is that the provision is wise, mandatory, inexorable, admits of no exceptions, and affords no opportunity for evasion, directly or indirectly, by legislatures or courts. 46 C. J. 1021; 22 R. C. L. 434; 23 Amer. & Eng. Encyc. of Law (2d ed.) 401. It is generally conceded that the purpose of the constitutional prohibition, succinctly stated, is twofold: (1) To prevent the possibility of an officer using the power and influence of his position to obtain an increase of compensation after his election or during his term of office; (2) to protect all officers from improper pressure by threats or otherwise to diminish the compensation of an officer after his election and during his term of office. 46 C. J. 1021, note 22. Meachem, in his work on Public Officers, states: "The wisdom of this provision is obvious, and the courts will not permit it to be evaded."

The only inhibition upon the right or power of the legislature to diminish the compensation of an officer during his term is, in form, a proviso, incorporated in section 9 of article 15 of the constitution of this state, headed, "Miscellaneous Provisions." The section provides as follows: "The legislature may, at any time, provide by law for increasing or diminishing the salaries or compensation of any of the officers whose salaries or compensation is fixed in this constitution; provided, no such change of salary or compensation shall apply to any officer during the term for which he may have been elected."

The determination of the question of whether or not a statute increases or diminishes the compensation of an officer depends, of course, upon the proper construction of the statute itself. Unless, then, there is something in the constitution to show an intention on the part of the makers of that instrument to permit the legislature to change or alter the compensation of a county officer during his term of office, the writ applied for in this case should issue.

Before discussing the immediate question, it will be profitable to review the expositions made of the meaning and scope of the section when the constitution was fresh from the hands of its makers. In the case of Crosman v. Nightingill, 1 Nev. 323, decided in 1865, the court took the position that the restriction imposed by the section was doubtless intended to prevent the increase of salaries or compensation of officers, as such officers, or for duties naturally belonging to their positions, and that the restriction could not be extended to prevent the allowance of compensation to officers for the performance of duties in nowise connected with their offices.

In State ex rel. Beatty v. Rhodes, 3 Nev. 240, decided in 1867, the exposition made of the context (section 9) may be summarized thusly: (1) The legislature may at any time increase or diminish the compensation of an officer whose salary is fixed by the schedule of the constitution for the first term of office succeeding the

formation of a state government, to wit, the governor, secretary of state, state controller, state treasurer, surveyor general, attorney-general, superintendent of public instruction, and each member of the supreme court. Section 5, art. 17. It is interesting to note that in State ex rel. Beatty v. Rhodes, the relator, H. O. Beatty, was a member of the supreme court. (2) That the restriction imposed by the section only prohibits the legislature from increasing or diminishing the number of dollars in lawful money at which the salary of an officer is fixed at the time of his election. (3) That the phrase "during the term for which he may have been elected" applies only to elective officers for a fixed term whose compensation is fixed at the time of election. (4) A statute which increases or diminishes the compensation of an officer during his term does not affect the compensation of present incumbents, and as to them the law is postponed in its effect until the term of those in office has expired by limitation of law. The substance of the court's interpretation of the section is that a statute which increases or diminishes the compensation of an officer during his term is to be construed, under section 9, article 15, as if the proviso of that section was annexed to the law, to wit: "Provided, no such change of salary or compensation shall apply to any officer during the term for which he may have been elected."

With the exposition thus made of the meaning of the constitutional provision, we should experience no difficulty in determining what officers are included within the prohibition imposed by the section. In Crosman v. Nightingill, the court was dealing with the increase of salary of the lieutenant governor, an officer not named in the schedule of the constitution, article 5, section 17. In State ex rel. Beatty v. Rhodes, the court was dealing with the question of diminution of the salary of an officer whose salary was fixed in the schedule of the constitution for the first term of office only. No distinction was made in these cases between the classes of offices affected by the prohibitory clause of the section.

The constitutional provisions are to be construed liberally in order to carry out the purpose for which they were obviously adopted, taking into view the dangers sought to be guarded against and the protection to be afforded. Evans v. Job, 8 Nev. 322.

The view held by the majority of decisions elsewhere in jurisdictions whose constitutional provision provides, "Nor shall the compensation of any public officer be increased or diminished during his term of office," is that it is applicable to a person who is elected to a public office for a fixed and definite term, without regard to whether the salary is fixed by the constitution or by the legislature. Crawford v. Hunt (Ariz.), 17 P. (2d) 802; Calvert County Commissioners v. Monnett, 164 Md. 101, 164 A. 155, 86 A. L. R. 1258; Commonwealth v. Moffitt, 238 Pa. 255, 86 A. 75, Ann. Cas. 1914c, 211; State v. Board of Commissioners, 29 N. M. 209, 222 P. 654, 655, 31 A. L. R. 1310.

It is true that a distinction is drawn for some purposes between offices of legislative creation and those specified in the constitution, designated as constitutional offices. Moore v. Humboldt County, 46 Nev. 220, 204 P. 880, 210 P. 401; State v. Douglass, 33 Nev. 83, 110 P. 177. But in those cases the court was dealing more with the power of the legislature to abolish an office than it was with its right to increase or diminish the salary of an officer during the term for which he may have been elected. Upon the weight of reasoning and the preponderance of the authorities, I am in accord with the reasoning and conclusion that a person who is elected to a public office for a fixed and definite term at a stipulated compensation is an officer within the intendment and meaning of the constitutional prohibition in question, without regard to whether the office to which the salary is attached is created by the constitution or by the legislature. The provision expressly provides in clear and unmistakable language that the compensation "of any officer" shall be neither increased nor decreased during his term of office, and there is nothing in such language which indicates that

any narrow or limited use of the term "any officer" was intended, nor that any distinction between the two classes of officers was contemplated. State v. Board of Commissioners (N. M.) supra. In other words, the intention of the constitution makers was to gather within the prohibition the salaries of all officers, alike, having a fixed term at a salary fixed by law.

In this conclusion I am opposed by those whose judgment challenges attention. In order to render ineffectual the plain constitutional prohibition, my associates take the position that the operation of a proviso in a statute or constitution is usually and properly confined to the subject of the antecedent next preceding it; hence the proviso in question is limited or restricted to the increase or diminution of salaries of state officers fixed in the schedule of the constitution, section 5, article 17. I decline to accept the reasoning or the use made of the rule. The proviso in question in no way encroaches upon the authority of the legislature to increase or diminish the salaries of offices fixed in the constitution; the reason for such authorization being that without it salaries so fixed could not be changed without an amendment to the constitution. 46 C. J. 1020.

Furthermore, the statement of the rule shows that it is not an arbitrary rule, to be enforced at all events. A proviso will be so restricted in the absence of anything in its terms, or the subject it deals with, evincing an intention to give it a broader effect. Sutherland's Statutory Construction, sec. 223. It is obvious that the proviso in question gives to the antecedent subject a much broader effect; it is a simple declaration that such increase or diminution shall not apply to the salary or compensation of an officer during the term for which he may have been elected. Thus the proviso itself furnishes the best means of its own exposition.

In construing a proviso in a constitution, it should be confined to the antecedent next preceding it, unless a contrary intention clearly appears. State ex rel.

Riter v. Quayle, 26 Utah, 26, 71 P. 1060; Sutherland's Statutory Construction, sec. 267. Hence it is held that the intention of the constitution makers, though it be expressed in the form of a proviso, is paramount to form. I decline to accept the new reasoning offered to support the validity of the legislation in question, upon the further ground that it wrests words into the constitution for a purpose which it does not disclose.

There exist state officers whose salaries are not fixed in the constitution, to wit, clerk of the supreme court, state printer, and state mine inspector; the two latter being of legislative creation. If the construction placed by my associates upon the proviso in question is to prevail, it follows that the power of the legislature at any time to increase or diminish the salaries of the state officers named is absolute. Under the circumstances, it is hardly to be supposed that the constitution makers intended that the prohibition imposed by the proviso should be applied only to the few officers whose salaries are fixed in the constitution. I am unwilling to place such an illiberal and discriminatory construction upon the constitution. To do so would convict the constitution makers of having acted unreasonably without first ascertaining the wisdom and necessity for incorporating into the constitution a provision inhibiting the legislature from increasing or diminishing the salary or compensation of any officer during the term for which he may have been elected.

I am aware that it has been the custom of the legislature since the adoption of the constitution to fix the salaries of all or any one county officer generally to become effective upon the passage and approval of the act, but the custom cannot be said to be uniform. There are instances where such enactments have been postponed in their effect until the terms of those in office have expired. A legislative custom in conflict with the constitution and legislative enactments passed without seemingly a constitutional scruple can hardly be referred to as a conclusive authority upon this court to deny the application for a writ of mandamus in this case.

In view of the importance of the principle involved, I feel that I should add the following quotations:

"Acquiescence for no length of time can legalize a clear usurpation of power, where the people have plainly expressed their will in the constitution, and appointed judicial tribunals to enforce it. A power is frequently yielded to merely because it is claimed, and it may be exercised for a long period, in violation of the constitutional prohibition, without the mischief which the constitution was designed to guard against appearing, or without any one being sufficiently interested in the subject to raise the question; but these circumstances cannot be allowed to sanction a clear infraction of the constitution." Cooley's Constitutional Limitations (7th ed.) p. 106.

"We must deal with this question as strictly a judicial one, however clear our convictions are that the purposes sought to be obtained are praiseworthy and beneficial to the public. We cannot for that or any other reason usurp authority which does not belong to us, and by judicial construction make ineffectual a plain constitutional provision, however long innocently violated." Straughan v. City of Coeur D'Alene (Idaho), 24 P.(2d) 321, 324.

The writ should issue as prayed.