STATE Ex Rel. MILLER Et Al. *v.* LANI Et Al.

No. 3037

March 1, 1934. 29 P. (2d) 839.

 

*McNamara & Robbins,* for Relators:

*James Dysart,* pro se.

## OPINION

By the Court, COLEMAN, J.:

A petition for a rehearing has been filed in behalf of relators, in which it is said that we failed to consider in our former opinion that portion of article 17, sec. 13, of the constitution as originally adopted, reading as follows: "All county officers under the laws of the Territory of Nevada at the time when the constitution shall take effect, whose offices are not inconsistent with the provisions of this constitution, shall continue in office until the first Monday of January, A. D. eighteen hundred and sixty-seven, and until their successors are elected and qualified * * *."

In this connection counsel say in the petition: "The point that we desire to here urge is that when the Constitution as adopted retained or continued in office all county officers under the law of the Territory for a definite fixed term, namely: for two years after the adoption of the Constitution and until the first Monday in January, 1867, that this provision of the Constitution was as much of a fixing of salaries or compensation

of county officers as was Section 5 of the said Article XVII fixing the salaries of certain state officers."

We failed to allude to that part of the constitution, for the reason that it was not referred to in the brief filed in behalf of relators. It was alluded to on the oral argument, but unless counsel on oral argument emphasize the fact that a point is then made which is not made in the written brief we are liable to overlook it.

Counsel cite in connection with the point now made the case of State v. Tilford, 1 Nev. 240. We are heartily in accord with the conclusion reached in that opinion, but we do not see that it aids the relators. After all, the question to be determined is: What did the constitutional convention contemplate by adopting article 15, sec. 9, quoted in our former opinion, to the effect that the legislature may at any time alter the salary of any officer whose compensation is fixed in the constitution, provided such alteration shall not apply to any officer during the term for which he has been elected? Counsel now contend that the constitution (article 17, sec. 13), by continuing in office for a fixed time certain county officers, not only constituted such officers constitutional officers, but fixed the salaries of such officers, for all time, as we understand them, at the amount the officials were then receiving, unless the constitution is amended. If we were to concede the theory suggested to be correct, we are unable to see how it would help relators, since Elko County was not created until 1869 (Stats. 1869, c. 94, p. 153), several years after the constitution went into effect. How could the language quoted apply to officers of counties not in existence at the time of the adoption of the constitution, since by its very terms it applies only to county officers under the law of the territory of Nevada at the time the constitution went into effect?

We can see no merit in the petition for a rehearing; hence a rehearing is denied.

DUCKER, J.: I concur.

SANDERS; C. J., dissenting:

This, my dissent from the order denying petition for rehearing, will serve as a supplement to my dissenting opinion in this cause. 27 P.(2d) 537, 538.

I am not concerned with the purely argumentative differences between my associates and counsel for the petitioner, but since my associates have expressed themselves as being in entire accord with the conclusion reached in the opinion of State v. Tilford, 1 Nev. 240, I may say that the opinion in that case is bottomed on the proposition that county officers named in the constitution are constitutional officers, which constitute a part of the framework of our government, as established by that instrument. Being such officers, their salaries may not be increased or diminished during the term for which they were elected. State v. Douglass, 33 Nev. 92, 110 P. 177. This court cannot hold the statute changing the salaries of petitioners during their term of office valid because it is sanctioned by the legislature and public opinion where it is manifest that the statute is not within the scope of legitimate legislation. State v. Board of Com'rs. of Churchill County, 43 Nev. 290, 185 P. 459.